SEYMOUR BURRELL, Respondent, *v.* OLIVER ROOT, Appellant.

Simultaneously with a conveyance of certain land by the defendant to the plaintiff, the former executed an agreement, under seal, by which he agreed, at the expiration of four years from that time, that the land would be worth six dollars an acre, and that he would then purchase it back from the plaintiff at that price, if he should desire to sell. The plaintiff having, at the expiration of the time, tendered a conveyance of the land to the defendant (first notifying him by letter of his acceptance of the terms of the contract), and demanded payment at the price stipulated.— *Held* (DANIELS and JAMES, JJ., *dissenting*), that the contract was valid and binding upon the defendant, and an action lay to recover of him the amount stipulated as the purchase money.

The contract was not for the sale of land, and not, therefore, within the statute of frauds in reference to such contracts.

The seal was sufficient evidence of a consideration, there being no contradictory proof upon that point. GROVER, J.

*It seems* that our statute of frauds is not applicable to contracts made in this State for the sale of lands in other States. GROVER, J.

THE plaintiff brought this action to recover the purchase price of certain land situated in the State of Iowa, which he had offered to convey to the defendant, and the latter refused to receive. This land was sold and conveyed by the defendant to the plaintiff, on the 7th day of April, 1860. And on that day the defendant, under his hand and seal, executed and delivered to the plaintiff an instrument, in writing, whereby, after reciting such sale and conveyance, he covenanted, promised and agreed to and with the plaintiff, that the land would be worth six dollars an acre in cash or its equiva-

lent, at the expiration of four years from that time, and that at the expiration of that time, if the plaintiff should be disposed to sell him this land at that price, that then and at that price, he would purchase the same. This instrument was not executed by the plaintiff, neither was any other, nor any note or memorandum then made or executed by the plaintiff for the sale of the land to the defendant. But on the 24th of March, 1864, the plaintiff wrote and mailed a letter to the defendant, which was received by him, referring to the terms of the instrument executed by the defendant, and then concluding as follows: " We have now to advise (you) of having elected to accept your offer, and shall be pleased to execute the necessary transfer of title to said property, at any time during the coming week, on payment of the price and amount stipulated in the agreement, say six dollars per acre. Oblige by advising on receipt of this, if you will come to this city to receive the transfer of property and pay amount due by terms of agreement.

" Yours, very truly,<br>" SEYMOUR BURRELL."

The plaintiff resided in the city of New York, and the defendant at Oneida, in Madison county. On the 8th day of April, 1864, the plaintiff tendered to the defendant a deed of the land, and demanded the purchase price of six dollars an acre. The defendant refused to accept the deed or pay the price. Upon these facts, which were found by the judge before whom the trial was had without a jury, judgment was directed for the defendant. This was reversed by the General Term and a new trial ordered. From that order the defendant duly appealed to this court.

*E. W. Dodge,* for appellant.

*Thos. H. Rodman,* for respondent.

GROVER, J. The seal was *prima facie* evidence of a sufficient consideration for the defendant's contract. (2 R. S., 407, § 77). At common law it would have been conclusive.

(2 Kent's Com., 404 and notes.) There was no attempt by the defendant to show a want of consideration. The sufficiency of the consideration was therefore established. It is insisted by the counsel for the appellant, that the contract not having been signed by the plaintiff, is made void by the statute. (2 R. S., 135, § 8.) That section provides that every contract for the sale of lands or any interest therein, shall be void, unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the sale is to be made. If this is to be regarded as a contract by the plantiff for the sale of the lands by him to the defendant, it would come directly within provisions of this section and therefore be void, had the lands been in this State. But the lands are not in this State, but in Iowa. Our statute of frauds is not, therefore, applicable to the case, but the statutes of Iowa must govern as to its validity. There was no suggestion that the statutes of Iowa differed in this respect from those of the State of New York; and as the case appears to have been disposed of in the court below upon the supposition that they were the same, it is proper that the same assumption should be made in this court. The question, therefore, is whether this is a contract by the plaintiff binding him to sell the land to the defendant; most clearly it is not. Had the contract been signed by the plaintiff, it would have given no right to the defendant to require the plaintiff to give a conveyance of the land to him upon performance upon his part. It would have been entirely at the option of the plaintiff to convey or not. The contract was not designed to give the defendant any rights as a purchaser that he could enforce against the plaintiff, but to oblige the defendant to take the lands and pay therefor to the plaintiff the specified price, in case he, at the time provided, chose to sell to him. It is manifest that this is not a contract by the plaintiff for the sale of the land. He, under the contract, if valid, has bound the defendant to purchase at a specified price and time, in case at that time he shall elect to sell. The plaintiff not being bound, it follows that there is

no reciprocal obligation on his part to constitute a consideration for the promise of the defendant to purchase and pay the plaintiff therefor. Cases will be found in which contracts of this description were held void for want of consideration but no such question arises in the present case, for, as w have seen, a sufficient consideration is proved by the seal of the defendant affixed to the contract. The obligation of the plaintiff would not have been in any degree affected by his signing the contract. The defendant would thereby have acquired no right whatever. The inquiry is, in this case, whether the plaintiff can enforce the obligation assumed by the defendant, not having himself signed the contract. In *Eno* v. *Woodworth* (4 Comstock, 249), it was held that a similar contract, when signed by both parties, could be enforced. This case determines that where the consideration is sufficient, want of mutuality is no obstacle in the way of a recovery. *Giles* v. *Bradley* (2 Johns. Cases, 253), was decided upon the same principle. Want of mutuality is no objection to a recovery by the plaintiff in this case. We have seen that the signing of the contract by the plaintiff would not, in any respect, have affected the rights of the parties, if the contract is valid in its absence. Why is it not valid? It is not a contract for the sale of the land or any interest therein, but an obligation assumed by the defendant for a sufficient consideration to purchase in future at a specified price, in case the plaintiff shall elect to sell. The signature of the plaintiff to such a paper would be but an idle ceremony. Section eight applies only to contracts where some obligation is assumed by the owner and not at all to contracts like the present. The *Utica, &c. R. R. Co.* v. *Brinkerhoof* (21 Wendell, 133), cited by the counsel for the appellant, does not apply to the present case. That was decided in favor of the defendant upon the ground that there was no consideration for the defendant's undertaking. *Townshend and ors.*, v. *Hubbard* (4 Hill, 351), was a case showing that it was the intention of the parties to make a contract mutually binding. The court held that it was not executed in a manner to bind the

plaintiffs, and for this reason held that the defendant, although he had properly executed, was not bound. The same remarks apply to the case of *McWhorter and al.* v. *McMahon* (10 Paige, 386); besides the point in question did not necessarily arise in that case. The order appealed from must be affirmed and judgment final ordered against the defendant.

DANIELS, J. (dissenting.) The instrument executed and delivered by the defendant to the plaintiff on the 7th day of April, 1860, did not impose any legal obligation upon him to accept or receive the title to the land in controversy. By its terms, he was to be its purchaser if a sale and conveyance of it were made; and for that reason his subscription of the contract, or memorandum made, was insufficient to satisfy the plain requirement of the statute of frauds upon the subject. This statute is couched in clear and perspicuous language; so much so, as to leave no room for doubting the intention of the legislature. To render an executory contract for the sale of land legal and binding under its provisions, it must be subscribed by the party by whom the sale is to be made. (3 R. S., 5th ed., 220, § 8.) It is not sufficient; as it is, in several of the cases, provided for under the succeeding title, that the contract, or note, or memorandum, be subscribed by the party to be charged by it; but it must be done by the person by whom the sale is to be made.

There is nothing contained in the case of *Worrall* v. *Munn* (1 Seld., 229, 244), countenancing the validity of the note, memorandum, or contract, where it is made for the sale of land, and it is only subscribed by the party to be charged. On the contrary, what was said upon that subject by the learned judge, who delivered the opinion upon which the decision was made, was said for the purpose of pointing out the distinction existing between the present statute and the provisions previously contained in the revised laws. Concerning contracts for the sale of land under those laws, it was sufficient that the contract, note, or memorandum, should be signed by the vendor, even when it was for the sale of land.

But by the present statute more than that has been required. It is now requisite that the contract, or a note, or memorandum of it shall be in writing; and beyond that, that it shall be actually subscribed by the vendor. (*Davis* v. *Shields*, 26 Wend., 341.) In the absence of a compliance with those requisites, a contract for the sale of land within the direct terms of the statute is void. (3 R. S., 5th ed., 220, § 8.) And that was the nature of the instrument executed and delivered by the defendant to the plaintiff, so far as it provided for the sale and conveyance of the land to the defendant. In the potent language of the statute it was void.

When the letter of the 24th of March was written, there was, therefore, no contract existing upon the subject of the sale of this land, between the plaintiff and defendant. And that letter, by professing merely to accept the offer contained in the instrument executed by the defendant, did not constitute a contract. By that instrument the defendant was not bound to receive and pay for the land, because the plaintiff had failed to bind himself to sell and convey it in the only manner in which the statute permitted that to be done. In order, therefore, that the defendant should become bound, it was necessary that a contract of sale should be made by the vendor; and that it, or a note or memorandum of it, should also be subscribed by him. By the instrument which the defendant had executed, no contract was made; and the statute required that one should be made before it could become obligatory. This required something more than the act of the vendor, for he alone could not make the contract which the statute evidently contemplated. To make a contract requires the assent of both the parties, who are to be bound by it. There must be a meeting of the minds of the parties. This is an elementary principle requiring the aid of no authorities for its support.

Even if this letter had been written for the purpose of reducing the contract for the sale of the land to writing, instead of being, as it was, a mere acceptance of what the plaintiff, by its terms, designated and mentioned as the agree-

ment, it would not have been binding upon the defendant without its acceptance by him as such. This resulted from the nature imposed upon the transaction by the statute. By that it was rendered void, and to afterwards invest it with any legal validity, required the concurrent act of both the parties. It required not only the written contract, note or memorandum of the vendor subscribed by him, but in addition to that, its acceptance by the vendee. There was no other means known to the law by which a void contract for the sale of land, could be rendered valid as long as it remained executory under the plain language of the statute.

This court is not now at liberty to presume that this letter was intended to be accepted by the defendant as the contract, note or memorandum prescribed by the statute, even though the plaintiff had designed that to be its character. For such an acceptance of it was neither proved by the evidence nor found as a fact by the judge before whom the trial was had, and no exception was taken to his omission to find it. There is, therefore, no ground on which it can be presumed to be the truth, particularly as the judgment is not stated to have been reversed upon the facts; for such presumptions are never indulged for the purpose of reversing the judgment. The finding of the judge is that the plaintiff notified the defendant of his intention to sell him the land; not that he received or accepted the letter as a contract for the sale of it. The judge finds nothing beyond the receipt of the letter by the defendant, which fell far short of its acceptance as a contract on the part of the plaintiff for the sale of the land.

The plaintiff made various offers of proof at the trial, which were all objected to by the defendant and rejected by the court. They were based upon proposals to prove what had transpired between the parties to this suit, when the defendant conveyed the land to the plaintiff and executed and delivered the instrument subscribed by him. These offers of evidence were all properly rejected by the court, because the law required the contract, or a note or memorandum of

it to be in writing. And as such it should be wholly in writing, in order to render it valid. The statute does not permit it to be partly in writing and partly oral. The parties are required to maintain themselves solely upon and by the writing ; when that cannot be done, no legal agreement can be found to exist between them. (*Wright* v. *Weeks*, 25 N. Y., 153.)

No breach of the guaranty contained in the instrument executed by the defendant was alleged in the complaint. And for that reason no recovery can be had upon that, even if the defendant became legally bound by it to pay the plaintiff the difference between the market value of the land and the price of six dollars per acre. The action was brought and tried under the theory that the defendant had rendered himself liable for the entire purchase price of the land, and having failed in that, the plaintiff cannot resort to the other branch of the instrument upon which he depended, because the pleadings were not adapted to that purpose.

The order appealed from should be reversed and the judgment recovered at the Circuit affirmed.

HUNT, Ch. J., read an opinion for affirmance, in which he took the ground that the letter of acceptance of the terms of the contract, signed and sent by the plaintiff to the defendant, taken together with the previous contract of the defendant, was a perfectly valid contract for the sale of land, binding on both parties. He also thought that, regarding the transaction as a loan by the plaintiff to be repaid by the defendant at the end of four years, more than doubled in amount, if usury had been set up by the defendant, it would have presented a difficulty.

WOODRUFF, LOTT and MASON, JJ., were understood to be for affirmance, upon the grounds stated in GROVER'S opinion.

JAMES, J., concurred with DANIELS, J., for reversal.

Order of General Term affirmed and judgment absolute for the plaintiff.