## VAN NAME v. QUEENS LAND & TITLE CO.

(Supreme Court, Appellate Division, First Department.    March 19, 1909.)

1. PRINCIPAL AND AGENT (§ 176*)—ACTS OF AGENT—RATIFICATION—EFFECT.

A vendor, who ratifies a contract to sell real estate and to repurchase the same from the purchaser at a fixed price after the expiration of a year at the election of the purchaser, by conveying the property and receiving the purchaser's money, and also delivering an agreement to repurchase, cannot repudiate the agency of the person making the contract with the purchaser.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 669; Dec. Dig. § 176.*]

2. FRAUDS, STATUTE OF (§ 118*)—SALE OF LAND—SUFFICIENCY OF MEMORANDUM —SEPARATE WRITINGS.

Contemporaneously with the delivery of a deed of land, the grantor delivered to the grantee an instrument reciting that the grantor would repurchase the land at any time after one year for the price the grantee paid, on the grantee electing to sell. The instrument was signed by the grantor, and the grantee signed no contract. The agreement to repurchase was one of the inducements for the grantee to purchase. *Held*, that the deed and agreement must be read together, and, when so done, the agreement to repurchase was valid, notwithstanding Real Property Law (Laws 1896, p. 602, c. 547) § 224, providing that a contract for the sale of real estate is void, unless in writing, subscribed by the grantor.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 262; Dec. Dig. § 118.*]

Appeal from Special Term, New York County.

Action by William H. Van Name against the Queens Land & Title Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

Aaron P. Jetmore, for appellant.
Louis J. Vorhaus, for respondent.

INGRAHAM, J.    The complaint alleges that the plaintiff, on the 7th of June, 1906, purchased and obtained from the defendant a conveyance of certain real property described in the complaint, and paid to the defendant the purchase price of $5,079.37, "upon the agreement in writing then made and executed by the defendant, and delivered to this plaintiff, in and whereby the defendant agreed that, in case this plaintiff should decide to sell the said premises, the defendant would purchase the same from the plaintiff at any time after one year from the said 7th day of June, 1906, and would pay to him the sum of five thousand seventy-nine and ³⁷/₁₀₀ ($5,079.37) dollars, the purchase price, together with six (6) per cent. interest per annum upon the said sum." The complaint further alleges that the plaintiff, after the expiration of one year from the 7th of June, 1906, tendered to the defendant a good and sufficient deed of conveyance of the said premises, duly acknowledged and executed, and demanded the repayment of the said money, but that the defendant refused and still refuses to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pay to the plaintiff said sum or to perform the terms of the said agreement; and the judgment demanded is for a specific performance of this contract. The answer admits the making of the sale and the agreement, but alleges that it was without consideration and within the statute of frauds. The court found that the plaintiff entered into an agreement with the defendant to purchase the property upon the express understanding that the defendant would purchase it at any time after one year from the conveyance, and that the plaintiff, in reliance upon such agreement, purchased the premises and decreed a specific performance, and, in case the defendant should refuse to pay the amount required to be paid, ordered the premises to be sold under the direction of a referee, and that the defendant should be liable for any deficiency.

The contract sought to be enforced in this case, and which was delivered to the plaintiff at the time the deed was delivered to him, was signed by the defendant and contained this provision:

"We hereby agree that, in case you should decide to sell these last, we will purchase them from you any time after one year from the date of your deed, giving you your money back, together with 6 per cent. interest per annum thereon."

No contract was signed by the plaintiff. The ground of the defense is that this was a unilateral contract, that the plaintiff was the grantor, and that the contract is void under section 224 of the real property law (chapter 547, p. 602, of the Laws of 1896), which provides that:

"A contract * * * for the sale of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the * * * grantor, or by his lawfully authorized agent."

This judgment can only be sustained upon the ground that the deed and this writing must be read together, as if the writing was contained in the deed and a part of the covenants of the then vendor of the property. It is undoubtedly true that such a contract to sell real property, although based upon a sufficient consideration, would not be enforceable, both upon the ground of lack of mutuality and that it is void under the section of the real property law above referred to. This contract was, however, a part of the conveyance of the property to the plaintiff, and as one of the inducements for the plaintiff to purchase this property the person purporting to act as agent agreed that the defendant would, after the expiration of one year, repurchase the property for the amount that the plaintiff paid, with interest. The defendant cannot repudiate the agency of the person making this contract, as it ratified the contract by conveying the property and receiving the plaintiff's money, and as part of the completed contract delivering the two instruments—one the deed, and the other the agreement to repurchase. The transaction as a whole involved the conveyance of the property to the plaintiff, the agreement to repurchase by the defendant, and the payment by the plaintiff of the full consideration for which the conveyance and agreement to repurchase were made. This being one completed transaction, and the two instruments delivered simultaneously, the two instruments should be read together; and it comes

within the case of Burrell v. Root, 40 N. Y. 496, which never seems to have been questioned.

The plaintiff was therefore entitled to enforce this covenant. No point was made about the form of the judgment.

It follows that the judgment appealed from was right, and should be affirmed, with costs. All concur.