SIEBROS FINANCE CORPORATION, Respondent, v. EMILE C. KIRMAN and Another, Appellants, Impleaded with EDGAR SHOEMAKER, Defendant, and Others, Brought in under Section 271 of the Civil Practice Act, Defendants.

First Department, April 24, 1931.

*Benjamin L. Fairchild,* for the appellants.

*Israel Siegel,* for the respondent.

MARTIN, J. The plaintiff, as assignee, seeks to recover on a real estate mortgage bond given by the defendants, appellants, Emile C. Kirman and Jeanne Kirman, to the Theanna Realty Corporation on the closing of a real estate contract by which the defendants Kirman purchased a parcel of real property situated in the city of New York. The bond provides that the principal shall become due and payable on December 21, 1931, and the interest payable semi-annually on the first days of December and June. It is set forth in the complaint that the interest which became due December 1, 1929, was not paid, and that by reason thereof the plaintiff elected to recover the entire balance due and payable in accordance with the terms of the bond. The complaint alleges that the defendant Shoemaker guaranteed the payment of the amount of said bond, with interest, at the time of its assignment to the plaintiff.

The answer sets forth that the contract contained an option giving the defendants Kirman the right to resell the property to the Theanna Realty Corporation after a certain date; that the option so given was duly exercised by the defendants Kirman and a valid tender made in compliance with the terms of the contract. It then sets forth as a second defense and counterclaim allegations of fraud by the seller through Israel Siegel and Edgar Shoemaker, the former being brought in under section 271 of the Civil Practice Act as one of the defendants, and seeks to charge the plaintiff herein with that fraud. It is also alleged by the defendants Kirman that the misrepresentations set forth estop the plaintiff from denying the validity of the option agreement.

The plaintiff contends that the first defense is insufficient in law because the option agreement therein alleged is unenforcible as it does not contain the essential elements of a contract, fails to show the entire agreement between the parties, did not survive the deed and was merged therein, and because a misrepresentation of the law is not actionable as everyone is presumed to know the law. It is also contended by plaintiff that the second defense and counterclaim does not state a cause of action in fraud, nor raise the defense of estoppel.

The agreement to reconvey is alleged to have been the inducing cause which persuaded the defendants to purchase the property and is, therefore, enforcible. (*Burrell* v. *Root,* 40 N. Y. 496; *Van Name* v. *Queens Land & Title Co.,* 130 App. Div. 857.)

The contract clearly shows that there was no intention on the part of the parties to merge the contract in the deed. A contract for the sale of real estate is merged in the deed only when the latter is intended to be accepted in full performance of the former. This intention may be derived from the instruments alone or from the instruments and the surrounding circumstances. Collateral undertakings not a part of the main purpose of the transaction, that is, the conveyance of real estate, by their very nature may show an intent that they should not be merged in the deed and, therefore, are not extinguished by the acceptance of the deed. (*Lambert* v. *Krum*, 121 Misc. 170.)

The allegations relied upon to support the contention that plaintiff had knowledge of the fraud are that Israel Siegel, the attorney for the plaintiff herein, as attorney for the said Theanna Realty Corporation, prepared the contract for the sale of the above-mentioned property, which contract contained the option agreement above described; that said Siegel was present at the closing of the contract and acted as attorney for the Theanna Realty Corporation; that the Siebros Finance Corporation was incorporated in May, 1923, and that its incorporators and directors for the first year were Abraham Siegel, Joseph Siegel, Nathan Siegel, Harry Siegel and Israel Siegel; that Israel Siegel is the party above mentioned; that he was the attorney for plaintiff in the entire transaction with defendants. It is then further alleged that Israel Siegel was a stockholder, officer, director and attorney for the Siebros Finance Corporation.

The second defense and counterclaim also alleges a conspiracy to defraud defendants, entered into by the Theanna Realty Corporation, Israel Siegel and Edgar Shoemaker; that fraudulent representations were made with reference to the property which was purchased and that plaintiff through its agents was a party to, and knew of, the fraud when it obtained title to the bond; that Israel Siegel having been a party to this fraud, and the attorney for, and an officer, director and stockholder of, the plaintiff, the assignment to the plaintiff in any event may be set aside.

The plaintiff contends that, assuming all the facts in these defenses to be true, the defendants may not attack the transfer to the plaintiff, even though both defenses would have been good if the Theanna Realty Corporation had brought the action. An assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment. (*Hill* v. *Hoole*, 116 N. Y. 299, 302.) The same rule is applicable to the mortgage bond.

In *Sparling* v. *Wells* (24 App. Div. 584) the court said: " ' It is

well settled that an assignee of a mortgage takes it subject to the equities attending the original transaction. If the mortgagee cannot himself enforce it, the assignee has no greater rights. The true test is to inquire what can the mortgagee do by way of enforcement of it against the property mortgaged. What he can do the assignee can do, and no more.' (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 88.) * * * .

" The effect of those decisions as I understand them is, that the assignee of a mortgage stands in exactly the same position and with no greater rights than the mortgagee, and holds it subject to the same defenses as the mortgagee; in legal effect he is the representative of the mortgagee. If he takes it subject to the same defenses as did the mortgagee, it seems to me to follow that the same evidence that would be admissible against the mortgagee to establish the same defenses is admissible against his assignee."

In the case of *Sistare* v. *Heckscher* (15 N. Y. Supp. 737; affd., 18 id. 475, and cited with approval in *National Bank* v. *Cox*, 47 App. Div. 53) the court said: " It is insisted by the defendant that the Heckschers, for whom he was acting, never promised to advance any more moneys, and that any representations made to the wife by the husband of any kind are not binding upon them, because unauthorized. As was said in *Bedell* v. *Bedell* (37 Hun, 420): ' It is not a question of agency, but a question of fraud. If the instrument in question was obtained from the plaintiff by misrepresentation and fraud, it cannot be held against her. It is quite immaterial who perpetrated the fraud. The defendant cannot enjoy its results and retain its benefits by a claim that it was unauthorized by him. He has accepted an instrument tainted with fraud, for which he has paid no consideration. He cannot retain the instrument for use against the plaintiff on the ground that the fraud was unauthorized by him, and committed without his knowledge or procurement.' "

The allegations of the answer clearly set forth a scheme to defraud the defendants Kirman, to which it is asserted the plaintiff through its attorney and officers was a party, and that the plaintiff had knowledge of all the facts entering into the sale and the subsequent efforts made to cover the fraud by means of the alleged assignment.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days upon payment of said costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to plaintiff to reply within twenty days from service of order upon payment of said costs.