FRANK B. DESZ and JOSEPHINE H. DESZ, Appellants, *v.* THE LINCOLN SAVINGS BANK OF BROOKLYN, Respondent.

Supreme Court, Appellate Term, Second Department, April 2, 1940.

*Laurence T. Gresser, Jr.* [*Benjamin Machinist* of counsel], for the appellants.

*Weisbrod & Froeb* [*Frederick Weisbrod* of counsel], for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs and taxable disbursements to plaintiff, and motion to strike out defense granted, with ten dollars costs.

The action is to recover damages for the breach of a covenant in a contract for the sale of real estate. Under the covenant the defendant agreed to vacate the store-tenant on the adjacent premises and to refrain from renting said store or selling said premises for any business similar to that of the coplaintiff, Josephine H. Desz. The covenant provided it " shall survive the delivery of the deed." The answer alleges that plaintiffs have waived the breach by purchasing the property notwithstanding full knowledge of the sale of the adjacent premises to a third party who intended to relet to the store-tenant. At the time of closing of title, the store-tenant had not been vacated by defendant.

The question of whether stipulations contained in a contract of sale are merged by the acceptance of a deed is one of intent to be derived from the instruments of sale alone or from them in connection with the surrounding circumstances. (*Lambert* v. *Krum*, 121 Misc. 170; *Siebros Finance Corp.* v. *Kirman*, 232 App. Div. 375.) In the instant case the provision that the covenant " shall survive the delivery of the deed," dispels any possible doubt as to the intent of the parties, and the answer does not set forth any relevant circumstances to the contrary. The quoted provision decisively discloses that the covenant was of an independent character which imposed a collateral and continuing duty upon the defendant even after the consummation of the sale. Plaintiffs' election to disregard the anticipatory breach and to keep the contract alive by performance on their part cannot constitute a waiver. Mere acceptance of the deed without proof of assent to the breach is insufficient for that purpose. Compliance by the plaintiffs with their contractual obligations should not be invoked as a shield to protect the defendant from the consequences of its unlawful conduct. The affirmative defense is, therefore, insufficient. No opinion.

Present — LEWIS, McCOOEY and STEINBRINK, JJ.