TISHMAN REALTY & CONSTRUCTION Co., INC., Landlord, Appellant, *v.* PHILIP WOLF, Doing Business as CITY CONTRACTING Co., Tenant, Respondent.

TISHMAN REALTY & CONSTRUCTION Co., INC., Landlord, Appellant, *v.* PHILIP N. HARRIS, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, July 9, 1945.

*Reuben Tally, Louis Haimoff* and *Charles H. Tally* for appellant.

*Samuel J. Joseph* and *Leo Isacson* for Philip N. Harris, respondent.

No appearance for Philip Wolf, doing business as City Contracting Co., respondent.

Final orders affirmed, with $25 costs to respondent Harris.

EDER, J. (concurring, qualifiedly). Appeals numbers 77 and 78 involve the same questions and are accordingly considered together. The landlord, a corporation, leased the land in concern for a term of twenty-one years, beginning May 1, 1929, and ending on April 30, 1950, with three options on the part of the lessee to renew said lease for three separate terms of twenty-one years each, so that by the exercise thereof the term would ultimately expire in the year 2013. Pursuant to the terms of the lease the landlord caused to be erected upon the leased ground a nineteen-story fireproof elevator office building, with stores and penthouse.

In 1943 and 1944 the respondents Harris and Wolf, respectively, leased certain designated space; the leases of these tenants expired May 1, 1945. They continue in possession against the wishes of the landlord-appellant herein; the appellant instituted summary proceedings to dispossess them as holdovers; the respondents resisted, successfully, below, claiming the right to remain and continue in possession as statutory tenants under the Emergency Rent Law (L. 1945, ch. 314).

The landlord herein maintains that by virtue of subdivision (d) of section 8 it is authorized to accomplish the removal of the tenants; the pertinent portion thereof reads as follows: " § 8. So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, no tenant shall be removed from any business space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and notwithstanding the issuance of any order to dispossess, warrant or process prior to the effective date of this act, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of this act, unless: * * * (d) The landlord owned or acquired an enforceable right to buy or take possession of the building on or before the effective date of this act

and seeks *in good faith* to recover possession of the business space for his *immediate and personal use;* * * * provided, however, that * * * such person shall have an equity in the property of not less than twenty-five per centum of the purchase price; * * * and provided further that no landlord shall be entitled to invoke the provisions of this subdivision unless he shall possess an interest of not less than fifty per centum of the whole investment in the business which he proposes to carry on in such space.'' (Italics supplied.)

This court has had occasion to consider and pass upon this subdivision (d) in *Trade Accessories* v. *Bellet* (184 Misc. 962, 968), wherein I dissented, with opinion; the majority view held that the landlord referred to in subdivision (d) of section 8 is an owner, and not a mere lessee, of the premises.

Were the landlord-appellant properly before the court below I should, on this appeal, adhere, unequivocally, to my opinion, and the views and conclusions therein expressed and reached; but as I am of the opinion that it affirmatively appears from the landlord's own petition, and the proof, that the appellant has not brought itself within the provisions of said subdivision (d), I concur in the affirmance of the final order in favor of the tenants.

The particular feature of subdivision (d) to which I have reference is the exception therein authorizing a landlord to obtain possession if he seeks in good faith to recover possession for his '' immediate and personal use ''. Here is language plain, clear, concise, unambiguous; it can have but one and only one meaning.

Prior to the institution of these summary proceedings, the landlord herein acquired all of the authorized and issued capital stock, consisting of 100 shares, no par value, of a certain domestic corporation, and said corporation ever since has been a wholly owned subsidiary of the landlord. The appellant herein notified the tenants that this corporation '' is a wholly owned subsidiary of ours '' and that it required possession for the use of this subsidiary corporation, i.e., a photography school; the landlord is not engaged in such a business, and appears never to have been so engaged; it is primarily and essentially engaged in the real estate business and allied and associated activities, according to its certificate of incorporation; the right to engage in a school of photography might, perhaps, come within the ambit of its powers, under the certificate, but I deem it unnecessary to consider that feature.

As I have said, the appellant notified the tenants herein that it desired the space theretofore leased to them for the

use of the subsidiary corporation, so that it might use it for the business of conducting the photography school.

The petition in each case alleges the acquisition by the appellant of all the shares of the capital stock of the said subsidiary corporation; that it is a wholly owned subsidiary of the landlord and that it seeks in good faith to recover possession of the business space now occupied by the tenants " for its immediate and personal use, to wit, for the use of its wholly owned subsidiary, The School of Modern Photography, Inc."

Here, in plain terms, is a contradiction; the use intended is obviously, not for the landlord's " *personal use* ", but as is pointedly and plainly averred " for the use of its wholly owned subsidiary, The School of Modern Photography, Inc."

It is a singular contradiction. It conclusively negatives the basic and statutory exception and, in my opinion, the landlord clearly had no standing or right to institute the summary proceedings; and the allegation that it sought such possession " in good faith " — for its " immediate and *personal* use " — is obviously untrue and affirmatively disproved.

While not so directly featured in the briefs, I gather that the landlord, in making the allegation that it desired the said space for its *personal* use, though actually for the personal use of its wholly owned subsidiary, has adopted as a basic premise that by the acquisition of all of the authorized and issued capital stock of said subsidiary, it resulted in said subsidiary corporation becoming merged into the corporate entity of the appellant and, hence, for all practical purposes, if not from a technical legal standpoint, the corporate landlord and its said subsidiary are now one and the same, hence the allegation that petitioner seeks the said commercial space for its *immediate* and *personal* use. I perceive of no other basis or theory upon which this basic allegation is made or upon which the landlord-appellant seeks to uphold these proceedings.

It is an untenable premise and without legal support. Since the celebrated decision in the English House of Lords case of *Salomon* v. *Salomon & Co.* ([1897] A. C. 22) that the identity of stockholders and the control of one corporation by another does not operate to merge the corporations into one, our courts, State and Federal, have repeatedly adopted and followed this rule, holding uniformly, that parent and subsidiary corporations each have independent existence; that each corporation is a distinct entity, and that mere control through stock ownership does not fuse the corporations (*Van Schaick* v. *Carr*, 170 Misc. 539; *International Order of Twelve Knights, etc.*, v. *Fridia*,

91 S. W. 2d 404, 405 [Tex.] ; *C. L. & L. Motor Express Co., Inc.,* v. *Achenbach,* 259 Ky. 228; *Marsch* v. *Southern New Eng. R. R. Corp.,* 230 Mass. 483; *Berry* v. *Old South Engraving Co.,* 283 Mass. 441, 451; *Kingston Dry Dock Co.* v. *Lake Champlain Transp. Co.,* 31 F. 2d 265, 267). The " identity " doctrine has only been disregarded, and the parent and subsidiary entities ignored, where it was necessary to do so to prevent the perpetration of fraud; otherwise the separate and distinct corporate entities of parent and subsidiary have been fully recognized.

As the settled rule is that corporations, like individual stockholders, are distinct entities and, in the absence of fraud, must be so regarded, it follows that " ' all the stock and the absolute control of the affairs of a corporation do not make that corporation and that individual owner identical.' " (Berry case, *supra,* p. 451.)

Since, then, the mere acquisition by the landlord herein of all of the stock of its wholly owned subsidiary has not brought about an absorption of the latter into the person and entity of the corporate landlord herein, and the said subsidiary remains *ex hypothesi* a distinct legal persona, it follows that the intended use of the space sought to be obtained by the landlord is not for its personal use, but for the personal use of another, viz., an independent and separate corporation.

When the Legislature authorized a landlord to obtain possession of the premises for *his* personal use, it intended and meant him alone and not some corporation in which he was interested, or controlled, or some member of his family or relative or business associate or friend. If the Legislature intended otherwise, we must assume it was sufficiently astute to have said so and would have so declared. We should not permit to be accomplished by subterfuge that which the landlord would seem to be attempting to do here.

For the reasons stated the landlord-appellant was without standing or authority to institute or maintain these summary proceedings and appellant does not, under the mentioned state of the record, come within the provisions of subdivision (d) of section 8 and is not within its declared exception. The final order in favor of the tenants was, therefore, proper.

It is for the mentioned reason only that I concur for affirmance.

HAMMER and SHIENTAG, JJ., concur in decision; EDER, J., concurs as per opinion.

Orders affirmed, etc.