NATHAN STRAUS-DUPARQUET, INC., Landlord, Appellant, *v.*
MAXWELL D. MOGLEN, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, November 16, 1945.

*Alexander Stone* and *Leonard H. Birghenthal* for appellant.

*Samuel Hecht* for respondent.

Final order affirmed, with $25 costs. No opinion.

EDER, J. (dissenting). The landlord appeals from a final order made in favor of the tenant.

The landlord is a corporation occupying certain premises on Sixth Avenue between 18th and 19th Streets; it learned that it would not be able to renew its lease upon the expiration thereof and began a search for other quarters; it found a suitable building on East 17th Street which it purchased, title being taken in the name of N. S. & D. Realty Corporation which was organized solely for that purpose; all of the outstanding capital stock of the said realty corporation is owned by the landlord appellant, and its affairs are completely controlled by this parent company. The particular purpose in organizing the realty company was to acquire property for the use of this parent company in its business upon the expiration of the lease on its present quarters. The funds were supplied by the parent organization which were loaned to the realty corporation for the purpose of taking title at the time of closing; the landlord appellant operates the building, it advances all operating costs and expenses.

The directors of the realty corporation are also directors of the parent corporation and the officers of the realty company hold similar positions in the parent company; there are other officers in the parent company who are not also officers in the realty company.

The parent company was organized in 1923 and the realty company in September, 1943. As concerns the background of the parent concern, preceding organizations go back to 1867 and one of them goes back to as early as 1838.

The above-stated facts are undisputed.

Under the provisions of subdivision (d) of section 8 of chapter 3 of the Laws of 1945, as amended by chapter 315 of said Laws, a landlord owner is entitled to obtain possession of the premises for his immediate and personal use. The landlord maintains that it comes within the said provision as an

owner landlord, as referred to in subdivision (h) of section 2 of the Act, in that it is the actual landlord and the true owner of the premises, though not of record. Subdivision (h) of section 2 defines a " Landlord ", among others, as " An owner \* \* \* or other person receiving or entitled to receive rent for the use or occupancy of the whole or a part of any part of any commercial space." The tenant contends that the landlord and owner is a separate and distinct corporation, a subsidiary of the appellant, and that, in consequence, the appellant has no standing to institute and maintain this proceeding.

In *Trade Accessories* v. *Bellet* (184 Misc. 962) this court held that the term " landlord " as defined by the act meant " owner " and was not to be enlarged to include a lessee and that the statute must be construed to embrace only those specifically mentioned in said subdivision (h) as landlord. I voiced a dissent. The case did not involve the question whether the landlord must be an *owner* " of record " in order to come within the term " landlord."

In *Tishman Realty & Constr. Co.* v. *Wolf* (185 Misc. 317) a summary proceeding was brought under subdivision (d) of section 8 of chapter 314, by a parent corporation, the lessee of an entire building, to obtain possession of a part thereof for the use of a wholly owned subsidiary on the theory that by acquiring all of the stock of the subsidiary it was thereby absorbed into the being of the parent corporation so that in seeking to obtain possession for the business of the subsidiary it was really seeking possession for its own immediate and personal use. In the concurring opinion it was there pointed out that the separate and distinct corporate entities of parent and subsidiary have been fully recognized, and, also, that it affirmatively appeared that the parent company was not seeking the premises for its immediate and personal use, as alleged, but in fact for the use of another and distinct corporation, engaged in an entirely different business; that the mere fact that it acquired all of the stock of the subsidiary did not fuse it into the being of the parent company.

The situation at bar is different. In the instant case the record owner of the title is not engaged in any business; it was formed merely to hold the naked legal title, as an instrumentality for that special purpose, and is but a mere adjunct of the parent corporation; they are substantially the same and indistinguishable in fact. In such a situation the corporate entity has been disregarded and the courts deal with the realities of the situation (1 Fletcher's Cyclopedia Corporations [Perm. ed.], § 43, p. 154. and cases there cited).

" Whether one is a mere agency or instrumentality or they are identical, is a question of fact to be proved by competent evidence, although under some statutes it may be a matter of law that they are separate entities. This question of fact depends on many circumstances overcoming or failing to overcome the indicia of separate entities, sameness of members, officers and objects, and the absence of distinct interests, being indicia of agency or identity, while differences in officers, objects or conduct are indicia of separate recognizable entities." (1 Fletcher's Cyclopedia Corporations [Perm. ed.], § 43, pp. 157–158.)

In *Berkey* v. *Third Avenue Railway Co.* (244 N. Y. 84) Judge CARDOZO pointed out that the question is whether other circumstances neutralize these indicia of separate life and operation of a stock-owned subsidiary.

In *Doss* v. *Coal Co.* (102 W. Va. 470) the court disregarded the separate entity of the subsidiary and declared the parent corporation to be the owner of the property though the title to the property was in the subsidiary which was owned by the parent company.

In *Wilkin Grain Co.* v. *Monroe Co. Co-Op. Assn.* (208 Iowa 921) where the property was held by the holding company, which functioned only as the title holder, but belonged in fact to the subsidiary, both corporations having the same stockholders, the court impressed the property with a trust in favor of the creditors of the subsidiary.

In *Lost Burros Gold Min. Co.* v. *Inyo Co. Bk.* (83 Cal. App. 679) the same principle was applied.

In the case at bar the proof is undisputed that the real owner of the premises and landlord is the parent corporation and that the subsidiary is but an instrumentality and adjunct of the former and that they are substantially the same company. The appellant has therefore clearly brought itself within the recognized exception to which reference has been made. The rule recognizing separate entity between parent and subsidiary has its limitations and exceptions, and where it is requisite to show that the fact which by the rule is supposed to exist is inconsistent with the truth, the real fact may be shown and will prevail.

This proceeding was instituted by the appellant as the landlord of the premises based upon the fact that it is the owner thereof; the statute does not require the landlord to be the owner of record; it is sufficient that the landlord is the actual and true owner of the premises though not of record; that was shown to be the fact here and was adequate to authorize appellant to institute and maintain the instant proceeding, it having met all the other requirements of the act.

The final order should be reversed, with $30 costs, and final order directed in favor of the landlord as prayed for in petition, with costs.

McLaughlin and Hecht, JJ., concur in decision; Eder, J., dissents in opinion.

Order affirmed.