PAL BLADE Co., INC., Landlord, *v.* MATHUSHEK PIANO MANUFAC-
TURING COMPANY, Tenant.

Municipal Court of the City of New York, Borough of Manhattan,
March 24, 1947.

*Ezra Cornell* and *David Hartfield, Jr.,* for landlord.

*Arthur Garfield Hays* and *Harold Epstein* for tenants.

GENUNG, J. The landlord has instituted these proceedings to obtain possession of the basement, store, mezzanine and second floors in the building known as 43 West 57th Street, New York City. It bases its right to possession upon subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.); and claims that it seeks in good faith to recover possession of the commercial space for its own immediate and personal use; that it has an equity in the property of not less than 25% of the purchase price and that it possesses an interest of not less than 50% of the whole investment in the business which it proposes to carry on in such space.

The tenant urges that the landlord has not met the requirements of this section, first, that subsidiary corporations of the landlord will carry on business in the premises; second, that the landlord intends to make substantial alterations to the building and, therefore, cannot immediately occupy the premises; and, third, that it has not obtained a certificate from the Civilian Production Authority permitting said alterations.

The court finds from the testimony that the landlord, Pal Blade Co., Inc., intends to occupy the premises for itself and its wholly owned subsidiary corporations acting as sales agents. The cases of *Tishman Realty & Constr. Co.* v. *Wolf* (185 Misc. 317) and *Straus-Duparquet, Inc.,* v. *Moglen* (185 Misc. 831) are distinguishable from the case at bar. In neither of those cases did the landlord seek to occupy the premises for itself. *Mueller* v. *Gittleson* (186 Misc. 257) may also be distinguished from the instant case for there the petitioner not only failed to prove the required 25% equity in the purchase price of the property but he further failed to prove that he sought possession for his own occupancy. In the case of *Witkin* v. *Shippers Freight Forwarding Co., Inc.,* Appellate Term, First Department (N. Y. L. J., March 29, 1946, p. 1232, col. 5), it was held that where two partners of a three party copartnership owned a building and sought possession for the business of the copartnership that they were nevertheless entitled to possession since the landlord owned more than a 50% interest in the business to be carried

on in the premises. (*De Lescinskis* v. *Silverstein*, N. Y. L. J., Dec. 6, 1946, p. 1616, col. 1.) In the case at bar the landlord possesses an interest of 100% of the " whole investment in the business which he proposes to carry on in such space ".

The tenant's contention that the landlord has not met the requirements of subdivision (d) of section 8 because it has not procured a certificate from the Civilian Production Authority for the alteration of the premises and that it cannot occupy the premises within thirty days after obtaining possession of the premises by reason of the said alterations is no defense in this proceeding. The case of *Gilpin* v. *Mutual Life Ins. Co. of N. Y.* (64 N. Y. S. 2d 436, revd. 271 App. Div. 499) is inapplicable to the instant case. The *Gilpin* case (*supra*) involved the construction of subdivision (c) of section 8 of the Business Rent Law where the landlord sought possession for the immediate purpose of *demolition* of the building and constructing a new one. That portion of subdivision (d) of section 8 which provides: " If such landlord or such person shall fail, after thirty days subsequent to dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, * * * he shall be liable to the tenant for all damages sustained on account of such removal " is not conjunctive with the other provisions of this section relative to the landlord's right to institute proceedings to obtain possession of the premises. The second sentence of subdivision (d) of section 8 gives rise to a cause of action for damages if the landlord fails to occupy the premises within thirty days after possession of the premises is obtained and it does not add to the statutory requirements in the first sentence of the subdivision for the obtainment of possession.

The court is satisfied from the testimony and documentary evidence that the landlord has met the requirements of subdivision (d) of section 8 of the Commercial Rent Law and is therefore entitled to possession of the premises. Accordingly I direct that a final order be granted to the landlord, warrant to issue on the 1st day of May, 1947.