■ EMERALD GREEN HOME OWNERS ASSOCIATION, INC., Appellant, v JOHN PECORA, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered January 16, 1979 in Sullivan County, which granted a motion by defendant Pecora for summary judgment dismissing the complaint and which denied plaintiff's cross motion. On September 19, 1969, Leisure Time Developers, Ltd. (Leisure Time) filed a declaration of covenants, easements, restrictions and charges, in the office of the Clerk of Sullivan County, which provided, inter alia, that each of the defendants, as owners of lots, in the subdivision known as Emerald Green, would be required on May 1 of each year to pay $200 to Leisure Time, its successors or assigns, for the use of recreational areas adjoining the real property purchased by each of the defendants. On September 7, 1970, the defendant John Pecora entered into a "contract of sale" for the purchase, from Leisure Time, of a parcel of land located in the Town of Thompson, Sullivan County. Paragraph 6 of the contract of sale contained the following provision: "It is understood and agreed that the purchaser(s) herein, his, her or their heirs and assigns shall pay the Seller, its successors and assigns, an annual charge of two hundred dollars ($200.00) strictly for the use of the recreational facilities". Paragraph 2 of schedule A, annexed to the contract of sale, contained the same provision. The purchaser and the seller signed a rider to the contract of sale stating that "the Purchaser shall have the option and election to purchase the use of recreational facilities". In a letter dated August 20, 1970, Richard Newberg, house counsel for Leisure Time, wrote: "Enclosed herewith please find an additional rider which makes the election to pay said charges [$200 per year] above referred to voluntary. Upon execution of said rider by your clients [Pecora] and return of same to me said rider will be attached to the contract and deemed made a part thereof." The deed, dated October 8, 1970 and recorded November 24, 1970, between Leisure Time and defendant, contains the same provision requiring the payment of $200 annually as was in the filed declaration of covenants and the original printed contract of sale. In a letter dated November 20, 1970, Richard Newberg stated, on behalf of Leisure Time: "the riders and amendments of Louis J. Pecora with Leisure Time Developers, Ltd. are incorporated in this contract between Leisure Time Developers, Ltd. and John P. and Josephine Pecora by reference and shall survive the delivery of the deed." Subsequent to the above conveyance, on April 28, 1971, the Emerald Green Home Owners Association, Inc. (Association) was organized as a not-for-profit corporation. Leisure Time went into bankruptcy and the persons who owned homes in the development took over the actual operation of the Association. On February 15, 1976, this action was commenced. The plaintiff alleged that the defendant owed it $400 for membership fees, based on covenants and restrictions to the property owned by the defendant. The defendant alleged, as an affirmative defense, that the contract of sale, absolving the defendant of any obligation to pay the fee for use of the recreational facilities, survives the delivery of the deed. The plaintiff in its first cause of action seeks to recover from the defendant the charges set forth in the restrictive covenant and in that regard it has submitted assignments of interest from the successors in title to the grantor's recrea-

tional facilities as well as alleging its own interest as a lessee of the real property on and after April 28, 1971. In this regard, it is apparent that the plaintiff is not a purchaser for value and it has demonstrated no legal basis whereby it would or could stand in a better position than the defendant's grantor to enforce the deed's restrictive covenants. The record contains a letter upon the stationery of the grantor dated November 20, 1970 which was assigned by an apparent representative of the seller and which expressly recites that the contract riders and amendments would "survive the delivery of the deed". Inasmuch as the deeds to the defendant expressly reserve to the grantor the "right to waive, alter, amend and add to any of the following restrictions, covenants and conditions", the waiver which occurred in this case is not a deviation from the deed itself. As between the parties to a transaction and their assigns, "A contract for the sale of real estate is merged in the deed only when the latter is intended to be accepted in full performance of the former" (Siebros Fin. Corp. v Kirman, 232 App Div 375, 377). The plaintiff has failed to demonstrate any basis for a cause of action based upon its status as an assignee of the defendant's grantor or such grantor's successors in interest. In this regard, it is to be noted that the plaintiff's reliance upon section 715 of the Not-For-Profit Corporation Law lacks merit. The section provides that in a situation in which corporations have interlocking directorships or officers, and this fact is not disclosed, the corporation that was not a party to the contract may avoid the contract "unless the party or parties thereto shall establish affirmatively that the contract or transaction was fair and reasonable as to the corporation at the time it was authorized by the board, a committee or the members" (Not-For-Profit Corporation Law, § 715, subd [b]). The plaintiff's remaining contention that paragraph 16 of schedule A, attached to the contract of sale of September 7, 1970, was binding upon the defendant is correct as to the defendant's purchase of Lot No. 47. That contract, unlike the prior one of August 2, 1970 for the purchase of Lot No. 45, provided as follows: "16. The grantee shall conform to and comply with all reasonable rules and regulations promulgated by EMERALD GREEN HOME OWNERS ASSOCIATION, INC., its successors and assigns." Nevertheless, that covenant in the contract of sale was not included in the deed either expressly or by implication. The said schedule A expressly provided that its provisions "shall be set forth in the deed" and further provided that the grantor reserved the right to waive or modify any of its provisions. The documentary evidence establishes upon its face that the parties did not intend to bind the defendant to conform to the rules and regulations of the plaintiff. Judgment affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.