THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DURHAM REALTY CORPORA-
TION, Relator, *v.* JACOB A. CANTOR and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

JAMES B. DUKE, Appellant.

*Taxation — certiorari to review assessment — application for reduction of assess-
ment properly made by agent of owner — petition for certiorari inadvertently entitled
and verified by corporation of which agent of owner was president — application to
change name of relator to name of owner denied.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office November 12, 1921, refusing an application to change the name of the relator from the Durham Realty Corporation to James B. Duke, and to require the commissioners of taxes and assessments to make a return to the writ of certiorari as amended. Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.; Clarke, P. J., and Greenbaum, J., dissenting.

CLARKE, P. J. (dissenting): In 1917 John C. Thorn was engaged in business as the representative of various members of the Duke family, and took care of the real estate in New York of various members of said family, including questions of taxation. He was president of the Durham Realty Corporation, which had the title to a number of parcels of real estate in the city of New York. The stock of said corporation was practically entirely controlled by Benjamin N. Duke, a brother of James B. Duke. Mr. Thorn was also the agent of Mr. James B. Duke, and looked after his real estate interests. As president of the Durham Realty Corporation and as agent and attorney in fact of James B. Duke, Mr. Thorn was authorized to make application for reduction of assessments and to sign petitions for writs of certiorari on property owned by James B. Duke. On or about the 17th of October, 1917, said Thorn, as agent for James B. Duke, the owner of the premises 1009 Fifth avenue, verified an application for the reduction of assessment for taxation on said property, being section 5, block 1493, lot 16, which for the year 1918 was assessed at $300,000. On the same day said Thorn, as president of the Durham Realty Corporation, verified applications to reduce certain assessments for taxation on various properties of the Durham Realty Corporation. On or about June 21, 1918, said Thorn was handed various petitions for writs of certiorari for the Durham Realty Corporation by its then attorney at law. He verified several petitions for writs relating to property of the Durham Realty Corporation, and among others the petition at bar, in which the Durham Realty Corporation

was erroneously stated to be the owner of premises No. 1009 Fifth avenue, which was not then owned by said corporation, but by James B. Duke individually. On behalf of Mr. Duke and by authority from him, Mr. Thorn intended to institute certiorari proceedings to revise the assessment upon said property of Mr. Duke, of which Thorn was agent, deeming the assessment a large overvaluation of the property; and, believing that the papers had been properly prepared by his attorney, and not observing that the Durham Realty Corporation was stated to be the owner of premises 1009 Fifth avenue, he inadvertently signed the verification to the petition as president of the Durham Realty Corporation, which was not then the owner of the property. It was not until October, 1921, that he was informed an inadvertent mistake had been made in taking out the writ in the name of the Durham Realty Corporation instead of James B. Duke, the owner of the property. No return has been filed to the writ of certiorari herein, and no proceeding of any kind taken by the corporation counsel or by the tax commissioners. This application is made to have the name of the petitioner amended *nunc pro tunc* by inserting the true name of the relator. There is no dispute as to the foregoing facts. The respondents urge that, as the Tax Law* specifically provides that only the person aggrieved may present the petition for review to the taxing authorities, and that as the petition for the writ must be presented to the court not later than June thirtieth of the year involved, the court has no power to grant the motion and correct the undoubted and conceded error. The learned Special Term has adopted this view.† It held that, as the person signing the petition was not aggrieved by the action of the commissioners, there was a jurisdictional defect in the procedure, and that to grant this motion would be to extend the period of statutory limitation. It, therefore, denied the motion. It appears that the proceeding which was the foundation for the certiorari proceedings, namely, the application for reduction of assessment, was properly verified by the agent of James B. Duke, the real owner of the premises. The mistake occurred in the next step necessary to be taken, that is, in the petition for a writ of certiorari. In my opinion, under the liberal provisions of the statutes of this State in regard to practice, the amendment should have been allowed. Section 723 of the Code of Civil Procedure provided: " The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; " section 1997 in the article‡ " State writs generally," entitled " Provisions applicable to two or more State writs," provided that " The provisions of this act, relating to amendments, motions, and intermediate orders, in an action, are applicable to similar acts in such a special proceeding." And section 2148a,§ applicable to writs of certiorari, provided: " The court may correct by

* See Tax Law, § 290, as amd. by Laws of 1916, chap. 323; Greater New York Charter (Laws of 1901, chap. 466), § 906, as amd. by Laws of 1911, chap. 455.— [REP.

† See N. Y. L. J. Nov. 14, 1921.— [REP.

‡ See Code Civ. Proc. chap. 16, tit. 2, art. 1.— [REP.

§ Added by Laws of 1915, chap. 231.— [REP.

amendment all defects and irregularities in matters of form, or procedure, and may bring in all parties necessary to completely determine the matter and award the appropriate relief upon the facts established." And section 111 of the Civil Practice Act now provides that in any action or special proceeding " The court may correct by amendment all defects and irregularities in matters of form or procedure and may bring in all parties necessary to completely determine the matter and award the appropriate relief upon the facts established." I, therefore, dissent from the affirmance of the order appealed from, and vote to reverse and grant the application.