PEOPLE ex rel. NEW ' YORK CITY OMNIBUS CORPORATION et al., Appellants, against WILLIAM S. MILLER et al., Constituting the Tax Commission of the City of New York, Respondents.

Argued November 15, 1939; decided December 28, 1939.

*James A. Fowler, Jr.,* and *Robert M. Bozeman* for appellants. The defect was not jurisdictional. (*People ex rel. Durham Realty Corp.* v. *Cantor,* 234 N. Y. 507; *People ex rel. Denney* v. *Clark,* 257 App. Div. 905.) On a question not covered by the provisions of the city charter and the Tax Law (Cons. Laws, ch. 60) resort must be had to the Civil Practice Act which provides (§ 105) that a defect

must be disregarded if a substantial right shall not be thereby prejudiced. (*People ex rel. American Sugar Refining Co.* v. *Sexton,* 274 N. Y. 304; *People ex rel. Adrian Corp.* v. *Sexton,* 251 App. Div. 181; *People ex rel. Di Leo* v. *Edwards,* 247 App. Div. 331; *People ex rel. Empire Mortgage Co.* v. *Cantor,* 198 App. Div. 317; *Matter of Corwin,* 135 N. Y. 245; *People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417; *People ex rel. Gleason* v. *Purdy,* 223 N. Y. 88; *Wood* v. *Duff-Gordon,* 222 N. Y. 88.)

*William C. Chanler, Corporation Counsel* (*Hyman W. Kehl* and *Arthur A. Segall* of counsel), for respondents. The failure to submit a verified petition is a jurisdictional defect. (*Ponsrok* v. *City of Yonkers,* 254 N. Y. 91; *Mozarsky* v. *Whinston Bros., Inc.,* 254 N. Y. 552; *Gessner* v. *City of New York,* 276 N. Y. 505; *Matter of Passero & Sons, Inc.,* 237 App. Div. 638; *Ayers* v. *City of Buffalo,* 233 App. Div. 330; *People ex rel. Laurelton Dev. Co.* v. *Purdy,* 190 App. Div. 957; *People ex rel. McCutcheon* v. *Miller,* 255 App. Div. 957; *People ex rel. Schwarz* v. *Miller,* 256 App. Div. 956.) There must be explicit compliance with the statutory requirements. (*Matter of Corwin,* 135 N. Y. 245; *People ex rel. Commercial Mutual Ins. Co.* v. *Commissioners,* 144 N. Y. 483; *People ex rel. Grossman* v. *Goldfogle,* 219 App. Div. 68; *People ex rel. O'Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. Greenwood* v. *Feitner,* 77 App. Div. 428; *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; 222 N. Y. 657; *Rock Island, A. & L. R. R. Co.* v. *United States,* 254 U. S. 141; *People ex rel. Huff* v. *Graves,* 277 N. Y. 115; *Matter of Passero & Sons, Inc.,* 237 App. Div. 638; *Matter of Warren,* 171 App. Div. 936; *People ex rel. Realty Associates* v. *Purdy,* 190 App. Div. 948.)

HUBBS, J. This is an appeal by the relators from an order of the Appellate Division unanimously affirming an order of Special Term which granted a motion to quash the writ of certiorari and dismiss the proceedings. Leave to appeal has been granted by the Appellate Division.

· The proceeding is to review and correct the assessed valuation of a street railway barn. It was commenced in June, 1932, and the writ directed the respondents, constituting the City Tax Commission, to file a return by September 26, 1932. No return was ever filed. The Corporation Counsel consented in August, 1938, to an order directing the respondents to file a return or be cited for contempt. At the end of the thirty-day period no return was filed but, instead, the Corporation Counsel moved to quash the writ and dismiss the proceeding on the ground that the petition was defective because not properly verified. That motion was granted, and affirmed by the Appellate Division. Assessments upon property valued at millions of dollars are involved and it is stipulated that the decision in this case shall be binding on other cases of the same type now before the courts.

The petition in the proceeding was signed by the president of the New York Railways Corporation, and the notary signed the verification, but the president did not sign the verification. The Special Term granted the motion to dismiss without leave to correct the defect, deciding that a verification not signed by the affiant is defective, and that in this tax certiorari proceeding, because of that defect, the court did not acquire jurisdiction. Appellant finds no fault with the first proposition, that this verification is defective, but claims that the defect in the verification is not jurisdictional and should be disregarded under the remedial provisions of the Civil Practice Act.

Section 906 (later 907) of the former Charter of the City of New York (Laws of 1901, ch. 466, as amd.) provides: " A certiorari to review or correct on the merits any final determination of the board of taxes and assessments shall be allowed by the supreme court * * * on the verified petition of the party aggrieved * * *."

Section 290 of the Tax Law (Cons. Laws, ch. 60) provides: " Contents of petition. Any person assessed upon any assessment-roll, claiming to be aggrieved by any assessment for property therein, may present to the supreme

court a petition duly verified setting forth that the assessment is illegal, specifying * * *."

There is no doubt that a verification to the petition was required by the law. The question for decision is whether the Special Term had the power to allow an amendment. It apparently felt that there was no power to grant an amendment. The respondents do not contend that an amendment was denied in the exercise of discretion. Section 105 of the Civil Practice Act reads: " Mistakes, omissions, defects and irregularities. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

This is a special proceeding. If we assume, as the parties herein do, that the verification was defective, it is quite apparent that the error could not be disregarded. We do not, however, pass upon the question as to whether the verification is defective, as the parties assume it to be and have not argued the question.

At common law the remedy here sought did not exist. The remedy is a creature of statute, and the statute requires a verification of the petition. The appellant urges that the alleged defect in the verification may be corrected. Appellant relies upon the case of *People ex rel. Durham Realty Corp.* v. *Cantor* (234 N. Y. 507). In that case the property under consideration was owned by James B. Duke. The petition should have been verified by him. By mistake it was verified by Durham Realty Corp. - The mistake was discovered three years later. This court reversed the Appellate Division and adopted the dissenting opinion there, which stated that " under the liberal provisions of the statutes of this State in regard to practice, the amendment should have been allowed." (201 App. Div. 834, 835.)

We think that decision is controlling in the case at bar. It is urged that the case of *Ponsrok* v. *City of Yonkers*

(254 N. Y. 91) is to the contrary. That case decided, as have several since that time, that a verification is defective if not signed by the petitioner himself, and that where the Legislature prescribed a method for serving notice of claim on a city only that method is sufficient. If it is not verified, a complaint, based on such a defective notice of claim, is properly dismissed. That case related to a filed claim against a city and is not an authority here. The *Durham Realty* case was cited in *People ex rel. American Sugar Refining Co.* v. *Sexton* (274 N. Y. 304, 307). It is relied upon in the Appellate Division, fourth department, in *People ex rel. Denny* v. *Clark* (257 App. Div. 905). The court there said: " We think the court acquired jurisdiction to issue the writ of certiorari, notwithstanding the fact that the petition and verification were in some respects defective. The petition was akin to a complaint in an action and was amendable on motion. A verification adds nothing to a petition. The amended petition necessarily would have to be verified to comply with section 290 of the Tax Law. Thus the defect in the verification of the original petition could be corrected. The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality. No substantial rights of the town were prejudiced by the granting of the amendment."

The orders should be reversed and the motion to quash the writ of certiorari denied, with costs in all courts.

CRANE, Ch. J., LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN and O'BRIEN, JJ., taking no part.

Orders reversed, etc.