THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUXEMBURG REALTY CORP., Respondent, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

(1939–40 and 1940–41 Proceedings.)

First Department, June 5, 1942.

*Arthur H. Goldberg* of counsel [*Anthony Curreri* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Casper Gottdiener* of counsel [*Goodman & Mabel*, attorneys], for the respondent.

PER CURIAM. The applications for reduction of 1939–40 and 1940–41 assessments were filed by Seaman Estates, Inc., as owner. They were verified by Etta F. Goldberg, as agent for said owner. The petitions for review were likewise made in the name of Seaman Estates, Inc., as owner. They were verified by Etta F. Goldberg in one instance and Eleanore Chervon in the other, as agents for Seaman Estates, Inc. The proof adduced on the trial shows conclusively that Seaman Estates, Inc., conveyed the property affected to one Morris A. Goodman on December 31, 1937, and never regained title thereafter. This was more than two years before the first taxable status date involved.

Under the circumstances the applications and the petitions were not made by a party having the legal right to claim it was aggrieved by the assessments complained of, and the motion to dismiss the writs should have been granted.

*People ex rel. Durham Realty Corp.* v. *Cantor* (234 N. Y. 507) is clearly distinguishable. There, by inadvertence, the agent who verified the petition misstated the name of his principal. He was in fact the agent of the true owner. In the case at bar no such mistake is claimed. What petitioner seeks to do here is to establish that Seaman Estates, Inc., was a so-called " family " corporation and that the corporate entity should be disregarded. We may not afford such relief under the present circumstances.

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petitions and writs of certiorari for the 1939–40 and 1940–41 proceedings granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). Within the time allowed by statute, Seaman Estates, Inc. (herein " relator "), filed the application for reduction of taxes and petition for the writ. The name of the owner was stated to be relator's name. The application was verified by Etta Goldberg *as agent* for the owner. After making a return, defendants on the trial of the proceeding moved to dismiss on the ground that relator was not in fact the owner when it made the application. The learned Special Term, in my opinion, properly denied defendants' motion.

Relator was a so-called family corporation, the stock of which was owned by the Goodmans and one Tishman. There were numerous conveyances and reconveyances in which the title changed from one member of the Goodman family to another or to relator, the family's corporate agent. Thus Seaman Estates, Inc., acquired title to the property on March 27, 1935. On January 18, 1937, it conveyed to Lipman Goodman, one of the persons interested in the corporation. On January 25, 1937, Lipman Goodman reconveyed the property to relator. On December 31, 1937, relator conveyed the property to Morris A. Goodman. On February 19, 1940, Morris A. Goodman conveyed the property to Lipman Goodman, and Lipman Goodman on March 8, 1940, conveyed the property to Ella Goodman, Charles Tishman and Elias Goodman, relator's stockholders.

Concededly, however, during all these transactions relator managed the property as agent for the individual owners, made leases in its own name and took care of all financial matters for the benefit of the individuals, relator's stockholders and directors, who in turn directed relator's corporate affairs. It happened that at the time of the application the itinerant title to the property was not in relator, although relator was in truth and fact and always had been the acknowledged agent for the owner.

Section 163 of the New York City Charter provides that the application be made by " any person or corporation *claiming* to be aggrieved." (Italics mine.) Clearly, relator at the time was such, and as acknowledged agent for the real owner, had the full and proper legal right to make such claim. Applications are frequently made for owners by the person or corporation managing the real estate. To defeat the right of review by pointing out that inadvertently relator claimed as owner, whereas at the moment it could claim only as lawful agent, is to exalt form above substance and legal technicality above right and justice. Our appellate courts have repeatedly said that the statutes providing for the right to review excessive assessments are remedial in their nature and should be liberally construed so as to effectuate the beneficent ends they were enabled to accomplish and should not be defeated by technicalities. (*People ex rel. New York City Omnibus Corp.* v. *Miller*, 282 N. Y. 5; *People ex rel. Denney* v. *Clark*, 257 App. Div. 905.)

In *People ex rel. Durham Realty Corp.* v. *Cantor* (234 N. Y. 507, revg. 201 App. Div. 834) the property on the taxable date was owned by James B. Duke, an individual, but the proceeding, as here, was brought in the name of a corporation, Durham Realty Corporation, not the true owner. The Court of Appeals held that

as the stock of the corporation was owned by Benjamin N. Duke — a *brother* of James B.— the motion to amend and substitute him should have been granted. Here the agent who had been the owner in two of the previous inter-family transfers of title, and always was the agent, through excusable inadvertence, filed as owner. The reasoning in the *Durham* case is persuasive in this case and recently has been approved in *People ex rel. New York City Omnibus Corp.* v. *Miller* (*supra*).

There is no dispute before us as to which of two interested parties shall have the ultimate right to a refund. The sole issue is whether the inadvertence noted is a fatal jurisdictional defect depriving the taxpayer and the true owner of any and all right to review an assessment found to be excessive. Defendants here use the opposite of the tactics they employ in *People ex rel. Ambroad Equities, Inc.,* v. *Miller* (264 App. Div. 262), decided herewith. There they had to admit that the relator was the owner at the time of filing the application, but solely because that owner later parted with title, they sought, as here, to dismiss the proceedings entirely and defeat any recovery by any one although the property was overassessed.

Accordingly, I vote to affirm, with costs.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petitions and writs of certiorari for the 1939–40 and 1940–41 proceedings granted. Settle order on notice.