THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMBROAD EQUITIES, INC., Respondent, v. WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.*

(1936 Proceeding.)

First Department, June 5, 1942.

* See *People ex rel. Luxemburg Realty Corp.* v. *Miller* (264 App. Div. 226).

*Arthur H. Goldberg* of counsel [*Anthony Curreri* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Casper Gottdiener* of counsel [*Goodman & Mabel*, attorneys], for the respondent.

UNTERMYER, J.   The defendants, Commissioners of Taxes and Assessments of the City of New York, appeal from so much of a final order as denies their motion to dismiss this proceeding, instituted by Rialto Estates, Inc., to review assessments on property in the borough of Manhattan for the tax year 1936.

The petition was filed on June 1, 1936, by Rialto Estates, Inc., alleging that it " was and still is the owner " of the premises. The writ of certiorari was issued on June tenth.   On the trial it appeared, however, that Rialto Estates, Inc., had conveyed the property on June 12, 1936, and that the vendee thereafter had paid the taxes for the year 1936.   The deed recited that the property was conveyed " subject to real estate taxes for the first half of 1936."

The defendants moved to dismiss the petition on the ground that the relator was not a party aggrieved or interested in the proceeding.   The court thereupon accorded to the relator the opportunity to produce the contract under which the property was sold in order to establish the fact that some interest in any refund had been reserved to the relator.   The relator, however, failed to produce the contract of sale or to establish by other evidence that it had reserved any interest in the refund.   The court nevertheless denied the defendants' motion to dismiss the proceeding.

We are unable to perceive in what respect the relator is " aggrieved " by the assessment (Tax Law, § 290) or what interest it can assert in any refund of the tax which was paid by its vendee. If the assessment is reduced and a refund is directed, it must be made to the vendee who paid the tax and not to the relator.   If on the contrary the assessment is not reduced, no claim can be asserted by the vendee against the relator on account of the existence or the amount of the tax, the property having been conveyed subject to the tax.   Accordingly, under no possible circumstances will the relator benefit by a reduction of the assessment nor will it be aggrieved if the assessment is sustained.   The proceeding, therefore, should have been dismissed.   (*New York Electric Lines Co. v. Gaynor*, 167 App. Div. 314; affd., 218 N. Y. 417.)

To the extent appealed from, the order should be reversed, with twenty dollars costs and disbursements, and the proceeding dismissed.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). Defendants conceded that on the date of the taxable status for the year in question (1936), and on the date when the writ was issued, Rialto Estates, Inc., was the owner of the property and a party "aggrieved" within the terms of the then applicable statutes (Greater N. Y. Charter, § 906; Tax Law, § 290). The sole contention is that because the owner later conveyed the property by sale subject to taxes, the relator is no longer entitled to maintain the proceeding.

In my opinion, the learned Special Term properly denied the motion to quash the writ for the year 1936. Statutes relating to the review of assessments are remedial in nature and should be liberally construed to afford taxpayers relief from excessive assessments and should not be defeated by technicalities. (*People ex rel. N. Y. City Omnibus Corp.* v. *Miller*, 282 N. Y. 5, 9; *People ex rel. Denney* v. *Clark*, 257 App. Div. 905.)

The issue here presented is not between two possible claimants, contenders for the refund, but solely between the person who properly made the application and sued out the writ and the tax commissioners. The issue is not whether this relator as against its subsequent vendee, who paid the tax, is entitled to any refund, but only whether the court has completely lost jurisdiction of the proceedings because the original relator sold the property subsequent to the application. Clearly the relator was the proper person to file the application and apply for the writ. A future unknown owner who at the time the application was required to be filed had no interest in the property as owner, or agent or otherwise, could not make any application. Normally a subsequent owner is in no position to make application within the short time limited for such claims. Under defendants' theory in all such cases, even though the taxes are as here found to be excessive, there would be no party with any right to maintain the proceedings essential to the procurement of a basis for refund. Where the proceedings were properly initiated and the tax found to be excessive, the error should be corrected and provision made for a refund to the party properly entitled thereto. If defendants can terminate proceedings on the grounds alleged, the city would be unjustly enriched at the expense of its taxpayers. The Legislature, in enacting the statutory remedies for the revision and

correction of assessments, never intended the results defendants here seek to obtain.

The purchase price of real estate is often materially affected by its assessments for taxes. The parties to a sale may agree that certiorari proceedings, instituted by the seller, are to be continued by him and that he is to be entitled to any refund made, or that the refund is to be divided in certain proportions between vendor and vendee; or the original selling price and the consideration paid may well have contemplated adjustments for taxes. Issues as to proper payment or apportionment between the prior and the subsequent owner will arise only when the refund is actually to be disbursed. At that time the city may protect itself by notice to the vendee, by requiring a waiver, or otherwise.

Irrespective of any agreement between the parties, this petitioner was owner on the taxable date, and the *mere* fact that it subsequently sold the property did not deprive it of the legal right to continue the pending proceedings to review the assessments on the objection made only by defendants.

The order, so far as appealed from, should be affirmed, with twenty dollars costs and disbursements.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and the proceeding dismissed. Settle order on notice.