NATHAN STRAUS-DUPARQUET, INC., Landlord, *v.* MAXWELL D. MOGLEN, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, July 24, 1945.

*Becker, Ross & Stone* for landlord.

*Hecht & Glaser* for tenant.

WATSON, J. On the claim that the tenant's term under a written lease has expired, the landlord brings this proceeding

to recover possession of the premises described in the petition. The landlord requires the premises for its immediate and personal use, it is alleged, in order to have additional space in the building to carry on the manufacture, in large quantities, of certain articles for government use. The proceeding is based on subdivision (d) of section 8 of the Commercial Rent Law, chapter 3 of the Laws of 1945 and the amendment thereof, chapter 315 of the Laws of 1945.

The building in which the premises sought to be recovered by this proceeding is a part, is owned in fee by N. S. & D. Realty Corp., a domestic corporation, which is said to be a holding corporation or subsidiary of the petitioner. It acquired title to the building prior to January 24, 1945, the effective date of the original act. The main issue involved in this proceeding is whether the petitioner has brought itself within the definition of the statute in regard to ownership of the building as a prerequisite to the right of recovery of possession of the demised premises.

It is contended by the petitioner that it has met fully the requirements of the statute by the proof adduced on the trial by a showing of these facts: that it advanced $100,000 in cash of the purchase price of $300,000 of the building, a sum equivalent to 33⅓% of the purchase price, or an equity in the property of more than 25%; that it took title in the name of its wholly owned subsidiary corporation, N. S. & D. Realty Corp., from which it leased the entire building; that it has considerably more than 50% interest of the whole investment in the business which it proposes to carry on in the required space; that it owns the entire capital stock of the owner in fee, its subsidiary corporation; that it actually operates the building, collects the rents, and pays all expenses. As authority in support of its contention, it cites the certiorari tax proceeding, *People ex rel. Luxemburg Realty Corp.* v. *Miller* (289 N. Y. 710, revg. 264 App. Div. 226, and affirming the order of Special Term, denying defendants' motion to dismiss the proceeding). It is distinguishable from the instant proceeding. The sole issue in the case was whether inadvertence of the relator, a so-called

family corporation, which claimed as owner of the property instead of as lawful agent of the owner, is a fatal jurisdictional defect depriving the taxpayer and true owner of any and all right to review the assessments complained of. The Court of Appeals in sustaining the ruling of Special Term evidently adopted the reasoning expressed in the dissenting opinion of the Appellate Division (pp. 227, 229) that the particular circumstances there disclosed in regard to the manner in which the relator dealt with the property, and in view of the provisions of section 163 of the New York City Charter (1938) that the application for reduction be made by any person or corporation aggrieved, the corporate entity of the relator could be disregarded since the owner eventually would receive the benefit of any tax reduction. The rights and interests of the parties involved were not fettered by public interest or public emergency.

The proceeding at bar is affected by a public emergency. With the view of curbing the evils arising from such emergency, the Legislature has intervened and regulated by statute agreements between landlord and tenants in certain cases. It has placed restraints upon what was in normal times a landlord's unrestricted right to recover possession of property leased to his tenant. The statute under which the petitioner initiates this proceeding to recover possession of the premises requires a showing that the petitioner in this instance has full legal title to the building in which the premises herein is located; that is to say, ownership in fee of the building in the petitioner itself and not through a holding or subsidiary corporation, before the right to dispossess the tenant accrues. (*Trade Accessories* v. *Bellet,* 184 Misc. 962; *Blitzkrieg Amuse. Corp.* v. *Rubenstein Bros. Drinks,* 184 Misc. 975; *Cannon* v. *Gordon,* 181 Misc. 950, 953, 954.)

The petitioner argues that the parent corporation (the petitioner herein) could, by the mere act of taking a deed from its wholly owned and controlled subsidiary, acquire the full legal title that would permit not even the most legalistic quibble in this case. And having done so, it could promptly, upon the execution of the final order, reconvey title to its subsidiary. Thus, form would be exalted and reality side-stepped. I find no force in this argument in view of the specific requirement of the statute. Moreover, in such situation, as contended by the petitioner, the petitioner might render itself liable to the tenant for damages as provided in the same statute. An examination of the exhaustive five-year lease between the petitioner

and its subsidiary corporation further supports my conclusion that the petitioner has not satisfied the statute in regard to ownership of the building entitling it to prevail in this proceeding.

The motion made by the tenant during trial to strike out the testimony of the landlord relating to the purchase price advanced by it and its ownership of all of the stock of the subsidiary corporation, on which decision was reserved, is granted.

The tenant is entitled to a final order awarding to him possession of the premises involved and dismissing the petition on the merits.

Final order accordingly is granted.