WALTER W. MUELLER et al., Landlords, *v.* FRANK GITTLESON et al., Copartners, Doing Business under the Name of G & M SCREW PRODUCTS Co., Tenants.

Municipal Court of the City of New York, Borough of Queens, January 17, 1946.

*Guggenheimer & Untermyer* for Walter W. Mueller, petitioner, landlord.

*Harry Gittleson* for tenants.

CRAWFORD, J. The within holdover summary proceeding was instituted upon the petition of Walter W. Mueller as one of the owners in fee to recover possession of the premises known as 36–11 33d Street, Long Island City. The original lease was for the term of three years commencing September 15, 1942, and expiring September 14, 1945. The term was extended for an additional period of three months, expiring December 14, 1945. The petition further alleges that Walter W. Mueller " seeks in good faith to recover possession of the space occupied by the tenant herein for his immediate and personal use, to-wit, for the use of Penzel, Mueller & Co., Inc., all of the stock of which is owned exclusively by your petitioner, and which corporation is in possession of all of said premises except

the portion held by the tenant herein ''. A general allegation is also contained therein to the effect that Walter W. Mueller and his two co-owners have an equity in the property in excess of 25% of its value.

The tenant has interposed a defense based upon the provisions of chapter 314 of the Laws of 1945. The landlord contends that Walter W. Mueller is entitled to possession for the use of his corporation, in which he is the owner and holder of the entire stock.

The fundamental issue presented is one of law, namely, whether a joint owner may procure relief under the Business Rent Law of 1945 in ousting a tenant from business space on behalf of a corporation in which he owns 100% stock interest.

Section 8 of chapter 314 of the Laws of 1945, provides as follows: '' So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, no tenant shall be removed from any business space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated * * * unless: * * * (d) The landlord owned or acquired an enforceable right to buy or take possession of the building on or before the effective date of this act and seeks in good faith to recover possession of the business space for his immediate and personal use * * * provided, however, that * * * such person shall have an equity * * * of not less than twenty-five per centum of the purchase price * * * and provided, further, that no landlord shall be entitled to invoke the provisions of this subdivision unless he shall possess an interest of not less than fifty per centum of the whole investment in the business which he proposes to carry on in such space.''

In the instant summary proceeding, the petition fails to comply with the statutory prerequisites in that (a) Walter W. Mueller does not allege the necessity to recover possession for '' *his immediate and personal use* '' (italics supplied); (b) the petition alleges a joint ownership of three individuals, apparently as tenants in common, and there is a complete omission as to the necessity to recover possession by the remaining two co-owners for their '' immediate and personal use ''; (c) the petition fails to allege that Walter W. Mueller as an individual co-owner, has an equity '' in the property of not less than

twenty-five per centum of the purchase price "; (d) this defect is not cured by the general allegation that Walter W. Mueller *jointly* with two other co-owners has such an equity; (e) the corporation known as Penzel, Mueller & Co., Inc., is a distinct entity from Walter W. Mueller, even though there is an allegation of 100% stock ownership by him, and in the absence of fraud, the absolute control of the affairs of a corporation does not make that corporation and the individual owner identical.

Similar questions arose in the recent case of *Tishman Realty & Constr. Co.* v. *Wolf* (185 Misc. 317). In that case, the Tishman Realty Construction Co., Inc., made leases with the two tenants under long-term periods. The petitions alleged the acquisition by the landlord of all the stock of a subsidiary corporation called The School of Modern Photography, Inc., and expressed the intention of recovering possession of the business space occupied by the tenants, "for its immediate and personal use, to wit, for the use of its wholly owned subsidiary, the School of Modern Photography, Inc.".

The Municipal Court, Borough of Manhattan, Fourth District, dismissed the petitions and granted final orders in favor of the tenants.

The Appellate Term, First Department, affirmed the final orders unanimously.

In a concurring opinion, Supreme Court Justice EDER stated, in part (p. 321): " While not so directly featured in the briefs, I gather that the landlord, in making the allegation that it desired the said space for its *personal* use, though actually for the personal use of its wholly owned subsidiary, has adopted as a basic premise that by the acquisition of all of the authorized and issued capital stock of said subsidiary, it resulted in said subsidiary corporation becoming merged into the corporate entity of the appellant and, hence, for all practical purposes, if not from a technical legal standpoint, the corporate landlord and its said subsidiary are now one and the same, hence the allegation that petitioner seeks the said commercial space for its *immediate* and *personal* use. I perceive of no other basis or theory upon which this basic allegation is made or upon which the landlord-appellant seeks to uphold these proceedings."

Justice EDER then continued (p. 321–322): " It is an untenable premise and without legal support. Since the celebrated decision in the English House of Lords case of *Salomon* v. *Salomon & Co.* ([1897] A. C. 22) that the identity of stockholders and the control of one corporation by another does not

operate to merge the corporations into one, our courts, State and Federal, have repeatedly adopted and followed this rule, holding uniformly that parent and subsidiary corporations each have independent existence; that each corporation is a distinct entity, and that mere control through stock ownership does not fuse the corporations (*Van Schaick* v. *Carr*, 170 Misc. 539; *International Order of Twelve Knights, etc.,* v. *Fridia*, 91 S. W. 2d 404, 405 [Tex.]; *C. L. & L. Motor Express Co., Inc.,* v. *Achenbach*, 259 Ky. 228; *Marsch* v. *Southern New Eng. R. R. Corp.,* 230 Mass. 483; *Berry* v. *Old South Engraving Co.,* 283 Mass. 441, 451; *Kingston Dry Dock Co.* v. *Lake Champlain Transp. Co.,* 31 F. 2d 265, 267). The ' identity ' doctrine has only been disregarded, and the parent and subsidiary entities ignored, where it was necessary to do so to prevent the perpetration of fraud; otherwise the separate and distinct corporate entities of parent and subsidiary have been fully recognized.''

From the authorities cited, it is apparent that corporations are distinct entities from the owners of the stock, and in the absence of fraud, must be so regarded; the mere acquisition of all of the stock by Walter W. Mueller, one of the owners of the property, of Penzel, Mueller & Co., Inc., has not brought about a merger of the identity therein. It follows, therefore, that the intended use of the demised premises sought to be obtained under this summary proceeding, is not for the personal use of Walter W. Mueller individually, or collectively for all three co-owners, but for the personal use of an independent and separate corporation. The intention of the Legislature is clear and no support can be given by this court to a contrary intention.

For the foregoing reasons this court is constrained to grant the application for the dismissal of the petition herein. Final order is granted in favor of the tenant.