RECONSTRUCTION SYNDICATE, INC., Landlord, *v.* WINIFRED SHARPE, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, March 13, 1946.

*Julius Y. Leibowitz* for landlord.

*Nathaniel Feinstein* for tenant.

SCHWEITZER, J. This is a proceeding brought by the Reconstruction Syndicate, Inc., the corporate owner of the fee of premises No. 205 West 102d Street, New York City. The proceeding is one to evict a tenant who occupies one of seven apartments at the aforesaid premises. The petition is verified by one George Fass, as agent, and states amongst other things: " That the landlord seeks in good faith to recover possession of the premises herein for immediate use and occupancy as a dwelling by Dr. Hyman Levy, sole stockholder of the owner; said Dr. Levy having recently been discharged from the United States Military Service and being in urgent and compelling need of accommodations for himself and family."

The possession of the premises is sought pursuant to paragraph (2) of subdivision (b) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13918, as amd.). In effect it provides for the removal of a tenant where the landlord owned or acquired an enforcible right to buy or the right to possession of housing accommodations on or after November 1, 1943, and seeks in good faith to recover possession of such accommodations for the immediate use and occupancy as a dwelling for himself.

The tenant resists the granting of the relief on the ground that the premises are owned by a corporation and as such is outside the pale of the relief afforded by the said section. The petitioner on the other hand contends that the premises are sought for the benefit of its sole stockholder and that this court should under these circumstances disregard the corporate fiction and afford the relief requested.

(1) A reading of the aforesaid section reveals that it was intended to afford relief for individual landlords only. A corporation, being inanimate, may not avail itself of the relief afforded by this section. This conclusion is recognized by the petitioner since it seeks relief not for itself but for its sole stockholder, Dr. Hyman Levy. The only issue involved is

whether this court may under these circumstances cast aside the corporate entity and grant the relief requested by the petitioner for the benefit of its sole stockholder.

(2) An examination of the authorities reveals that the courts have on frequent occasions disregarded the fiction of the corporate entity and have treated a sole stockholder as the alter ego of the corporation. These cases, however, have been limited in their application to instances in which courts of equity have been called upon to prevent fraud, preserve the rights of creditors or otherwise prevent the commission of a gross injustice. (*Kimmelsman* v. *Bishop,* 251 App. Div. 724; *Quaid* v. *Ratkowsky,* 183 App. Div. 428, affd. 224 N. Y. 624; *C. S. Goss & Co.* v. *Goss,* 147 App. Div. 698, affd. 207 N. Y. 742.)

This general concept has found judicial approbation in the Federal courts. (*Irving Trust Co.* v. *Kaminsky,* 22 F. Supp. 362; *Linn & Lane Timber Co.* v. *United States,* 196 F. 593, affd. 236 U. S. 574; *Searchlight Horn Co.* v. *American Graphophone Co.,* 240 F. 745; *Smith* v. *Moore,* 199 F. 689.)

(3) This court may not under the circumstances described disregard the corporate fiction, and is constrained to find that the corporate petitioner is a distinct entity from its sole stockholder and does not therefore bring itself within the purview of the Rent Regulation for Housing referred to.

A comparable situation has arisen in instances where a petitioner has sought to recover possession of commercial premises pursuant to the provisions of chapters 314 and 315 of the Laws of 1945. In *Straus-Duparquet, Inc.,* v. *Moglen* (185 Misc. 657, affd. 185 Misc. 831) the petitioner sought to recover commercial premises pursuant to subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315). The fee to the premises, however, was owned by the N. S. & D. Realty Corporation, which was a holding corporation or subsidiary of the petitioner. It concededly held nothing but the bare legal title to the premises involved. In dismissing the petition, the court held that the statute required that legal title to the fee be established through the petitioner only and not a subsidiary, even though the petitioner owned all of the corporate stock of the owner of the fee. The Appellate Term, First Department, affirmed the final order in favor of the tenant.

To the same effect are the cases of *Tishman Realty & Constr. Co.* v. *Wolf* (185 Misc. 317).

In the recent case of *Mueller* v. *Gittleson* (186 Misc. 257, 260) in a proceeding to recover possession of commercial premises, the court said in part: "(e) the corporation known as Penzel,

Mueller & Co., Inc., is a distinct entity from Walter W. Mueller, even though there is an allegation of 100% stock ownership by him, and in the absence of fraud, the absolute control of the affairs of a corporation does not make that corporation and the individual owner identical."

(4) The regulation in question, born as it is of a public emergency and obviously designed to protect existing tenancies, should be construed strictly. (*Straus-Duparquet, Inc.*, v. *Moglen*, 185 Misc. 657, *supra*.)

The petition is accordingly dismissed on the merits and the tenant is granted final order awarding to her possession of the premises described in the petition.