DITMARS HOMES, INC., Landlord, *v.* JOSEPH LOGERFO, Tenant.

Municipal Court of the City of New York, Borough of Queens, December 21, 1946.

*Irwin H. Clark* for landlord.
*Henry Grassotti* for tenant.

CRAWFORD, J. In this summary proceeding, the corporate owner, Ditmars Homes, Inc., seeks to recover the apartment of Joseph Logerfo and his family in a multiple dwelling at 94–10 64th Road, Forest Hills, Queens, for occupancy by David Wolfensen and his wife, who are allegedly the owners of all of the stock of the corporation owning the building. Originally, in a companion proceeding, the landlord sought to evict another tenant in the building in order to move the superintendent from his quarters adjoining the Logerfo apartment into that tenant's rooms, the landlord apparently desiring to make one large apartment out of the two. That proceeding has been heretofore dismissed. No preliminary certificate was issued in either proceeding by the Administrator for the New York City Defense-Rental Area, permitting the landlord to proceed at local law. The tenant has moved to dismiss the petition on the ground that the court is without jurisdiction to entertain a proceeding by a corporate owner to place its principal stockholders in possession.

The landlord is proceeding under paragraph (6) of subdivision (a) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (10 Federal Register 11668) of the Office of Price Administration (now known as the Office of Temporary Controls) claiming (a) ownership prior to November 1, 1943, (b) that there is an immediate compelling necessity for possession by the stockholders and (c) that the application is made in good faith.

The relevant section of the Rent Regulation (§ 6, subd. [a], par. [6]) reads as follows: " *Occupancy by landlord.* The landlord owned or acquired an enforceable right to buy or the right to possession of, the housing accommodations prior to November 1, 1943, and has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself * * *."

This section permits a proceeding without the preliminary certificate.

The language of the regulation is clear and unambiguous. In my opinion, the section is intended to afford relief to individual, animate landlords only and cannot be used by a corporate owner to place in possession its principal stockholders. " The regulation in question, born as it is of a public emergency and obviously designed to protect existing tenancies, should be construed strictly." (*Reconstruction Syndicate* v. *Sharpe*, 186 Misc. 897, 900.)

The landlord urges the court to disregard the fiction of the corporate entity, to pierce the corporate veil and treat the sole stockholders as the alter ego of the corporation. These cases are limited in their application to instances in which courts of equity have been called upon to prevent fraud, preserve the rights of creditors or otherwise prevent the commission of a gross injustice.

The corporation known as Ditmars Homes, Inc., is a distinct entity from the Wolfensens. Even though there may be 100% ownership of the stock by them, in the absence of fraud, the absolute control of the affairs of the corporation does not make that corporation and the individual owners identical. (*Mueller* v. *Gittleson*, 186 Misc. 257.)

There is no authority under the regulation or in law to sustain the petition. Motion to dismiss granted. Petition dismissed.

Final order for tenant.