In the Matter of HAROLD SMITH et al., Appellants, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents, and CHARLES J. BENSLEY, Intervenor-Respondent.

First Department, June 26, 1956.

*Angelo M. Torrisi* of counsel (*Sidney B. Levitt,* attorney), for appellants.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondents.

*Leon Liner* of counsel (*Goldwater & Flynn*, attorneys), for intervenor-respondent.

BERGAN, J. Petitioners are owners of real property in the borough of the Bronx and conceive themselves aggrieved by a decision of the board of standards and appeals which allowed in favor of the intervenor in this proceeding a variance of a building zone restriction to permit the erection of a gasoline service station. They presented to the Supreme Court a petition to review this determination, and on August 25, 1955 an order was granted at Special Term which directed the board of standards and appeals to make a return to the court in justification of its proceedings in allowing the variance. The order instituting the proceeding and the petition on which it was based were duly served on the board of standards and appeals by petitioners on August 30, 1955.

The petition was defective in respect of its verification. The statute under which petitioners regard themselves to have been proceeding (Administrative Code of City of New York, § 668e–1.0, entitled "Certiorari.— a Petition") provides that in reviewing a determination of the board of standards and appeals a person aggrieved may present to the Supreme Court "a petition duly verified" which will state the grievance.

Petitioners signed the pleading in due form; but the notary public before whom they appeared executed a certificate of acknowledgment rather than of verification. Instead of the traditional words "being duly sworn, depose and say", the other traditional words were used "before me personally appeared" the petitioners "known to me to be the individuals described in and who executed the foregoing petition" and they "acknowledged * * * the same."

The board of standards and appeals and the individual respondent in the proceeding did not give the notice required by section 253 of the Civil Practice Act to the attorney for petitioners which would have entitled respondents to have treated the petition as a nullity for lack of verification. Such a notice, so the statute runs, must be given to the attorney for the adverse party "with due diligence".

Respondents not only retained the pleading thus served on them without objection for a period running long beyond any reasonable conception of "due diligence" as used in the statute but, as far as this record discloses, they made no return as required by the order granted on presentation of the petition. Failure to act with due diligence is deemed a waiver of the defect (*Grant* v. *State of New York,* 192 Misc. 45, 48; *Schwarz*

v. *Oppold,* 74 N. Y. 307). The reason for the procedural require-
ment is, of course, that if a party deems it important that the
adverse party's pleading be verified to conform with a statute
or rule, he must call timely attention to the omission so that
it may be supplied.

On consent of petitioners, an order was entered on September
19, 1955 allowing the intervention in the proceeding of Charles
J. Bensley who has an interest in sustaining the variance which
allows the erection of the gas station. Six weeks later, the
intervenor moved at Special Term to dismiss " the petition on
the ground that the same is unverified "; and two days later
respondents made a similar motion. Petitioner moved for an
order " deeming the petition herein filed as verified " and for
other appropriate relief. The court denied the motion of peti-
tioners, granted the motion to dismiss the petition and vacated
the order of certiorari.

We think the Special Term had the power to grant the motion
of petitioners to the extent of allowing an amendment of the
petition to add a verification in proper form in place of the
acknowledgment. This is not a defect in some indispensable
preliminary condition upon which jurisdiction rests; it is,
merely, a defect in the form of a pleading served as part of a
judicial proceeding in which jurisdiction of the proper parties
has been obtained. The controlling policy of the present prac-
tice is that it must be disregarded or, if the adverse party insists
on its importance, corrected.

The judicial process here is not the petition; it is the order;
or, in the traditional practice in certiorari, the writ. To the
extent that the Administrative Code is not specific in its pro-
cedural directions, the procedure set up by article 78 of the
Civil Practice Act controls, since it is there provided that, when-
ever " in any statute reference is made to a writ or order of
certiorari * * * such reference shall, so far as applicable,
be deemed to refer to the proceeding authorized by this article "
(Civ. Prac. Act, § 1283).

It will be seen that the notice of the application or the order
to show cause are the process by which the proceeding is com-
menced; and that service of this process must be made " in the
manner provided for the personal service of a summons in an
action " (Civ. Prac. Act, § 1289). Thus the petition, in respect
of verification, is in substantially the same situation as the
complaint, the answer, or the reply in an action.

The general requirement of article 78 is that a petition upon
which a proceeding in the nature of certiorari is based shall

" be founded upon a petition, verified as in an action " (Civ. Prac. Act, § 1288); but it could scarcely be doubted that if a proceeding were commenced by a petition defective in respect of verification, or lacking verification, that the court would not feel required to correct the mistake; or supply the omission; or validate the irregularity, conformably to the requirements of section 105 of the Civil Practice Act which impose just such a duty in the absence of a showing of prejudice of a substantial right. We think the requirements of section 105 and the very fabric of judicial and procedural policy suggest that this sort of omission be supplied.

This policy was quite clearly laid down in *People ex rel. Denney* v. *Clark* (257 App. Div. 905). Although both petition and its verification were deemed " in some respects defective ", the defect was not regarded as jurisdictional and " could be corrected " within the frame of section 105, and in consonance with a long line of cited authority. The opinion was quoted in almost full text by the Court of Appeals in *People ex rel. N. Y. City Omnibus Corp.* v. *Miller* (282 N. Y. 5, 9) which held that a defective verification in a tax certiorari proceeding could be amended by the court " under the liberal provisions of the statute of this State in regard to practice " (language derived from the dissenting opinion of this court in *People ex rel. Durham Realty Corp.* v. *Cantor,* 201 App. Div. 834, 835; adopted on reversal 234 N. Y. 507). The reference to the more liberal practice policy, it will be seen, pointed, among others, to the Civil Practice Act which had then recently been enacted (201 App. Div. 835, 836; see, also, *People ex rel. Fifth Ave. & 37th St. Corp.* v. *Miller,* 261 App. Div. 550, affd. 286 N. Y. 628; *Barthelmues* v. *Ives,* 194 Misc. 13).

The record before us does not disclose a break in the technique upon which jurisdiction is founded. It discloses, rather, a mistake in the merest formality of a procedural facility — the blundering use of an acknowledgment for a verification. There is no special magic in the routine of the right words to be subscribed by the notary; and here no catastrophic failure of the proceeding because the wrong ones were used. No one has shown prejudice and the defect ought to be remedied.

The order appealed from should be reversed, the motion of the intervenor-respondent and respondents to dismiss the petition and to vacate the order of certiorari should be denied and the cross motion of the petitioners to deem the petition as verified and in conformity with the New York City Administrative Code should be granted.

Peck, P. J., Breitel, Frank and Valente, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, the motion of the intervenor-respondent and respondents to dismiss the petition and to vacate the order of certiorari denied, and the cross motion of the petitioners to deem the petition as verified and in conformity with the Administrative Code of the City of New York granted.