Charles B. Swartwood, J.
This is an application to review a real property tax assessment under article 7 of the Real Property Tax Law.
*442 The answer of the respondent raises the issue that there was not proper service under section 704 of the Beal Property Tax Law in that only one copy of the required papers was served on the Town Clerk and one copy on each of the assessors. It is claimed that the failure to serve three copies, as opposed to one copy, on the Town Clerk constitutes a complete defense to the petition under section 702 of the Beal Property Tax Law.
The respondent concedes that the one petition served on the Town Clerk was timely served within the time limit set forth in section 704 of the Beal Property Tax Law and that the Town Clerk was the proper person to be served.
The question is simply whether the failure to serve three copies as opposed to one copy of the petition is a complete defense under section 702 of the Beal Property Tax Law nr a jurisdictional defect under section 708 (subd. 1) of the Beal Property Tax Law requiring a dismissal of the petition or is a mere irregularity or omission which can be supplied. Surprisingly, we find no reported case which passes on this question.
As we have said, the petition was timely served so that section 702 and section 704 of the Beal Property Tax Law were satisfied. The remaining question is whether the service of only one petition on the Town Clerk was jurisdictionally fatal.
We agree with the respondent that service must be made on the proper officer so that service of additional copies on the assessors would not cure defective service on the Town Clerk who was the proper officer to be served. (Matter of Watson Blvd. Apts. v. Huffcut, 23 A D 2d 508; Matter of Shanty Hollow Corp. v. Poladian, 23 A D 2d 132, affd. 17 N Y 2d 536.)
Section 708 (subd. 1) of the Beal Property Tax Law provides insofar as applicable as follows: “ § 708. Service.— 1. If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit ”.
This section clearly calls for service of three copies. However, it appears to us that the purpose of the section is to require that notice be given to the proper official and that personal jurisdiction be obtained over such official and the assessing unit. Here the proper official was personally served with process, giving the court jurisdiction and the official notice of the proceeding. The failure to serve two additional copies of the petition is a mere irregularity or omission that may be supplied under OPLB 2001. Certainly there has been no prejudice to the respondent.
Certainly a technicality should not deprive petitioners of a valuable right. This appears to be in accord with the reasoning *443 expressed in People ex rel. New York City Omnibus Corp. v. Miller (282 N. Y. 5) with regard to a petition with a defective verification, and in Matter of Franklin Shops v. Village Assessor of Vil. of Hempstead (15 A D 2d 921) where unverified petitions were served. Compare, also, Matter of Magee v. Board of Assessors of Town of Nelson (49 Misc 2d 499, affd. 24 A D 2d 1045).
It should also be noted that section 702 (subd. 3) of the Real Property Tax Law speaks of “ the petition or petition and notice ” and section 704 (subd. 1) of the Real Property Tax Law speaks of commencing the proceeding “by serving a petition described in section seven hundred six of this chapter upon the officers designated ”. The use of the singular in these subdivisions gives further support to the view that what the Legislature considered important was that the petition be served on the proper official and not the number of copies.
We conclude that the petition was timely and properly served and that the court does have jurisdiction of this proceeding.
The court will refer this matter to a Referee to hear pursuant to section 720 (subd. 2) of the Real Property Tax Law as requested by the parties.