OPINION OF THE COURT
Richard F. Braun, J.
This is a CPLR article 78 proceeding. Respondent moves to dismiss the petition, pursuant to CPLR 3211 (a) (1) and (7) and 7804 (f).
CPLR 7804 (f) provides that a respondent in an article 78 proceeding may move to dismiss the petition based on an objection in point of law. Such an objection is not defined by statute, but the grounds set forth in CPLR 3211 (a) are such objections (Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 350 [3d Dept 1987], affd for reasons stated below 72 NY2d 900 [1988]; see Matter of Wayering v County of St. Lawrence, 140 AD2d 838, 839 n [3d Dept 1988]). That of course includes failure to state a cause of action, pursuant to CPLR 3211 (a) (7) (see Pauk v Board of Trustees of City Univ. of N.Y., 111 AD2d 17, 19 [1st Dept 1985], affd for reasons stated below 68 NY2d 702 [1986]).
Respondent Riverside Church in the City of New York is a religious organization incorporated as a Baptist Church. Petitioners are members of respondent, who seek, by way of this proceeding, a special meeting and appointment of a receiver. Petitioners accuse respondent of serious financial improprieties.
The Not-For-Profit Corporation Law and Religious Corporations Law both apply to respondent (Rector, Church Wardens & Vestrymen of St. Bartholomew’s Church v Committee to *630 Preserve St. Bartholomew’s Church, 84 AD2d 309, 314 [1st Dept 1982]). Not-For-Profit Corporation Law § 603 (c) provides that special meetings of the members may be called as authorized by the bylaws of the corporation. Religious Corporations Law § 5 provides that bylaws may be amended “after written notice, embodying such . . . amendment, has been . . . given ... in the notices of the meeting at which such proposed . . . amendment is to be acted upon.” Article iy § 3b of respondent’s bylaws provides: “Notice of a special meeting shall specifically state the text of any resolution to be proposed at the meeting.”
Besides seeking the appointment of a receiver, the only other relief sought in the notice of petition, petition, and petitioner’s memorandum of law is that this court direct a special meeting for the purpose of amending respondent’s bylaws. Petitioners’ meeting notices do not specify at all the substance of the amendments sought. The first notice does not speak of amending the bylaws, and, although the second does, the notice only says that it is for such purpose but does not detail at all in what way the bylaws were proposed to be changed.
Petitioners can obtain a special meeting, but they must give proper notice. They have not done so. Thus, their request in this proceeding for this court to direct the special meeting sought must be denied.
Petitioners cannot seek the appointment of a temporary receiver in their article 78 notice of petition and petition because, if it is interim relief that is sought, that provisional relief must be looked for by way of a separate motion before the article 78 proceeding is finally determined (see CPLR 6001, 6401 [a]; N-PCL 1203 [a]). It is improper to include a motion in a notice of petition or order to show cause which is process for a special proceeding (see CPLR 403 [a] or [d]; Matter of Smith v Board of Stds. & Appeals of City of N.Y., 2 AD2d 67, 69 [1st Dept 1956]). If petitioners are moving for a temporary receiver, the motion must be brought separately by notice of motion or order to show cause pursuant to CPLR 2214 (a) or (d). Furthermore, even if the court deemed petitioners’ papers a motion, and not for the bringing of the proceeding, petitioners have not made the statement mandated by CPLR 6001 on a motion for a provisional remedy (Metropolitan Funeral Directors Assn. v City of New York, 182 Misc 2d *631 977, 989-990 [Sup Ct, NY County 1999]), which includes a request for appointment of a receiver (CPLR 6001).*
If petitioners are seeking a temporary receiver under Not-For-Profit Corporation Law § 1203 (a), the affidavit of service of the notice of petition does not show service on the New York State Attorney General, as required by that statute. Furthermore, petitioner did not request the relief by order to show cause, which is required by the wording of that statute: “Notice of [the] application shall be given ... in such manner as the court directs.” (N-PCL 1203 [a]; cf. Smith v Smith, 291 AD2d 828, 828 [4th Dept 2002] [“with such notice as the court may direct” means that the motion pursuant to CPLR 5015 should have been brought by order to show cause]; Aiello v Adar, 193 Misc 2d 649, 654 [Sup Ct, Bronx County 2002] [same for a motion to change attorneys under CPLR 321 (b) (2) (which requires “such notice ... as the court may direct”)]; People v ELRAC, Inc., 192 Misc 2d 78, 82 [Sup Ct, NY County 2002] [ditto].) Further, petitioners have not pleaded a ground under Not-For-Profit Corporation Law § 1202 (a) for appointment of a receiver. Finally, petitioners have not pleaded a proper purpose for the desired receivership. They ask that a receiver be appointed in order to do an investigation, and examine and analyze respondent’s financial records. Receivers are appointed under extreme circumstances to receive property (see Groh v Halloran, 86 AD2d 30, 33 [1st Dept 1982]) in order to preserve corporate assets against waste, mismanagement, or misappropriation (McHarg v Commonwealth Fin. Corp., 195 App Div 862, 865 [1st Dept 1921]).
Therefore, by this court’s separate decision and order, the motion has been granted to the extent of dismissing the petition. The proceeding has been denied.

 If not for other infirmities with the request for a receiver, the court could exercise its discretion to overlook that defect, pursuant to CPLR 2001, given that the notice of petition and supporting papers were accompanied by a request for judicial intervention (RJI) and that the petitioners very likely did not seek or secure a provisional remedy before this first formal request for judicial assistance accompanied by the RJI.