OPINION OF THE COURT
Richard F. Braun, J.
A tradition developed long ago of seeking approval of infant compromises by submission of ex parte orders. The approval usually would occur after a hearing held without any notice to the defendant(s). That practice does not comply with the law and has ethical problems.
Plaintiffs resided in an apartment at 21 Continental Place, Glen Cove, New York. Plaintiff Andrew Luis Dominguez is six years old, and plaintiff Eduardo Dominguez is his father. Plaintiff Andrew Luis Dominguez was diagnosed with a significantly elevated level of lead in his blood. Plaintiffs contend that his lead poisoning resulted from being exposed to peeling, cracking, and flaking paint in their residence. Defendant James W. Reardon owned the subject building, and defendant Douglas Moskow was the managing agent.
The minor plaintiff sued defendants for damages for negligence, and his father sued defendants for loss of services damages. The minor plaintiff and defendants settled this action for $275,000.
The minor plaintiffs attorneys submitted an ex parte order for this court’s approval, which initially was rejected by the court because there was no showing of any notice to defendants of the application (see discussion below). Counsel then wisely submitted a stipulation between them in which defendants stated that they did not object to the infant compromise application submitted by plaintiffs’ attorneys, consented to the signing of the ex parte order, and waived defendants’ appearance at an infant compromise hearing. Plaintiffs and their attorney appeared thereat.[1]
CPLR 1207 provides that settlement of a claim by an infant must be submitted to a judge for approval. That can be done *884 under that statute by motion if an action has already been commenced before the proposed settlement occurred, or by way of a special proceeding if no action has begun.[2] The statute requires that notice of the motion in an action or petition in a special proceeding “shall be given as directed by the court” (CPLR 1207). Similar language in other contexts has been held to mean that the notice is to be by order to show cause (cf. Smith v Smith, 291 AD2d 828, 828 [4th Dept 2002] [CPLR 5015’s requiring that a motion thereunder be “with such notice as the court may direct” means that the motion should have been commenced by order to show cause]; Bynoe v Riverside Church in City of N.Y., 13 Misc 3d 628, 631 [Sup Ct, NY County 2006] [same for an application to appoint a receiver under Not-For-Profit Corporation Law § 1203 (a) which requires, “Notice of an application ... in such manner as the court directs”]; Aiello v Adar, 193 Misc 2d 649, 654 [Sup Ct, Bronx County 2002] [same for a motion to change attorneys under CPLR 321 (b) (2), which requires “such notice ... as the court may direct”]; People v ELRAC, Inc., 192 Misc 2d 78, 82 [Sup Ct, NY County 2002] [same]).
In Supreme Court, New York County, the Rules of the Justices of the Supreme Court, Civil Branch, New York County, were amended, effective on February 28, 2006, in part in order to address the issue of ensuring proper notice for infant compromise approval requests. Rule 12 provides that the attorney for the party seeking approval of an infant compromise proposal must serve a “Notice of Conference” on all other parties before the date of the infant compromise hearing and submit proof at the hearing that the notice has been served. Even after that amendment, it appears that many members of the bar are still not following the legal requirements as to the giving of notice of requests for approval of infant compromises.
Besides it being legally required that notice of an infant compromise application be given, there are ethical constraints involved too. CPLR 1208 (a) through (c) mandate that specific information shall be provided to the court upon an infant compromise application in order to aid the court in determining *885 whether or not to approve the settlement.[3] Then, unless the court waives their appearance for good cause, the moving party or petitioner, the infant, and their attorney must appear in court at the infant compromise hearing (CPLR 1208 [d]). If no notice is given to the defendant(s) (or respondent^]), then the court will receive information ex parte by way of the infant compromise papers and what is stated at the hearing. Even though a defendant(s) has consented to the proposed settlement, if the court rejects the settlement, and the claim(s) comes back before the court for trial, the ex parte communications already had with the court cannot be undone.
Therefore, it is incumbent upon counsel, before seeking approval of the settlement of an infant’s claim(s), to give notice of the hearing to and serve all papers on the other side(s) (see CPLR 2103 [e]). In lieu thereof, defendant(s) can agree in a stipulation to waive service of the notice of an infant compromise hearing and the infant compromise papers, and, then, after the hearing is held, the court can approve the proposed settlement, if appropriate. That process was followed sufficiently here, and this court approved the settlement.

. At the infant compromise hearing, plaintiff Eduardo Dominguez (the father of the infant plaintiff) was permitted to discontinue his claim against defendants by order of this court (CPLR 3217 [b]). His statement in his “peti *884 tion” that he “hereby discontinues his derivative cause of action” is not a permissible way under CPLR 3217 (a) of discontinuing a cause of action.

. As an action had already been commenced here, plaintiffs’ infant compromise request should have been supported by an affidavit, not a petition. The court disregarded that nonprejudicial defect of form, pursuant to CPLR 2001.

. Here, plaintiff father left out of his “petition” certain information mandated by CPLR 1208 (a) (4) and (5). As is this court’s usual practice, at the hearing the court permitted plaintiff father, pursuant to CPLR 2001, to correct the omissions by handwriting the missing items on his “petition” and then having him swear to the additions, usually before a notary public, customarily the adult plaintiff’s attorney, or, if need be, the court.